BROWN *v.* UNITED STATES.

CURLEY *v.* UNITED STATES.

ERROR TO THE UNITED STATES COURT IN THE INDIAN TERRITORY.

Nos. 249, 250. Submitted April 25, 1898.—Decided October 24, 1898.

This court has no appellate jurisdiction of capital cases from the United States court from the Northern District of the Indian Territory, such appellate jurisdiction being vested exclusively in the United States Court of Appeals in the Indian Territory.

CYRUS A. Brown, plaintiff in error in case No. 249, was indicted in the United States court for the Northern District of the Indian Territory, charged with the crime of murder, which indictment was filed in the United States court for the Indian Territory, Northern District, sitting at Muscogee on the 10th day of December, A.D. 1896.

On the 17th day of December, A.D. 1897, he was convicted of the crime of murder in said court, and the judgment of the court sentencing him to death was made on the 24th day of December, A.D. 1897. On the 1st day of February, A.D. 1898, the plaintiff in error filed a petition in said court for ·a writ of error from the Supreme Court of the United States, and filed an assignment of errors. On February 8, A.D. 1898, a writ of error was allowed in said cause, and on the same day a citation was issued in said cause, service of which was acknowledged on the 16th day of February, A.D. 1898. Pursuant to the writ of error in said cause a transcript of the record in said cause was filed in the office of the clerk of the Supreme Court of the United States on the 23d day of February, A.D. 1898. The government has filed its motion to

dismiss the writ of error in said cause, for the reason that the Supreme Court of the United States has no jurisdiction under the law to entertain said writ of error, nor to pass upon any of the alleged errors in said record, because said court has no appellate jurisdiction of said cause.

George Curley, alias George Cully, plaintiff in error in case No. 250, was indicted in the United States court for the Northern District of the Indian Territory, sitting at Vinita, charged with the crime of murder, which indictment was filed in open court on the 21st day of October, A.D. 1897. On the same day the defendant took a change of venue to the United States court at Muscogee, and a transcript of the record and the original indictment were forwarded to the clerk of the United States court at Muscogee, Indian Territory. On the 13th day of December, A.D. 1897, at the December term of the United States court for the Northern District of the Indian Territory, at Muscogee, the indictment heretofore found was referred to the grand jury, and upon the same day the grand jury returned into open court at Muscogee, Indian Territory, a new indictment against the defendant for murder. On the 22d day of December, A.D. 1897, the defendant was found guilty of the crime of murder, and on the 24th day of December, A.D. 1897, judgment of the court was pronounced upon said defendant, sentencing him to death.

On February 11, 1898, plaintiff in error, through his attorney, W. H. Twine, filed a petition for a writ of error from the Supreme Court of the United States, and also filed his specification of error. A writ of error was allowed, on the 19th day of February, 1898, and on the 23d day of February, 1898, service of the citation issued out of this court was acknowledged. A transcript of the entire record was filed in the office of the clerk of the Supreme Court of the United States on March 1, 1898. The government has filed its motion to dismiss the writ of error in said case for the reason that the Supreme Court of the United States has no jurisdiction under the law to entertain said writ of error, nor to pass upon any of the alleged errors in said record, because said court has no appellate jurisdiction of said cause.

*Mr. Solicitor General* and *Mr. P. L. Soper* for the motion.

*Mr. John H. Koogler* and *Mr. John Watkins* on behalf of Brown, and *Mr. W. H. Twine* on behalf of Curley, opposing.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

By the act of Congress approved March 1, 1889, c. 333, 25 Stat. 783, there was established a United States court for the Indian Territory. The act conferred no jurisdiction over felonies, but by the fifth section exclusive original jurisdiction was conferred over all offences against the laws of the United States committed within the Indian Territory, not punishable by death or by imprisonment at hard labor. Jurisdiction was conferred in all civil cases between citizens of the United States who are residents of the Indian Territory where the value of the thing in controversy shall amount to one hundred dollars or more. The final judgment or decree of the court, where the value of the matter in dispute, exclusive of costs, exceeds one thousand dollars, may be reviewed and reversed or affirmed in the Supreme Court of the United States upon writ of error or appeal, in the same manner and under the same regulations as the final judgments and decrees of a Circuit Court.

On March 1, 1895, Congress passed an act, c. 145, 28 Stat. 693, dividing the Indian Territory into three judicial districts, and providing for the appointment of two additional judges. This act extended the jurisdiction of the United States court in said Territory to capital cases and other infamous crimes, the jurisdiction over which had theretofore been vested in the United States courts at Fort Scott, Kansas, Fort Smith, Arkansas, and Paris, Texas, and provided that all such offences should be prosecuted in the United States court in the Indian Territory after the first day of September, 1896.

The eleventh section is as follows:

"That the judges of said court shall constitute a court of appeals, to be presided over by the judge oldest in commission

as chief justice of said court. And said court shall have such jurisdiction and powers in said Indian Territory and such general superintending control over the courts thereof as is conferred upon the Supreme Court of Arkansas over the courts thereof by the laws of said State, as provided by chapter forty of Mansfield's Digest of the Laws of Arkansas, and the provisions of said chapter, so far as they relate to the jurisdiction and powers of said Supreme Court of Arkansas as to appeals and writs of error, and as to the trial and decision of cases, so far as they are applicable, shall be, and they are hereby, extended over and put in force in the Indian Territory;

" And appeals and writs of error from said court in said districts to said appellate court, in criminal cases, shall be prosecuted under the provisions of chapter forty-six of Mansfield's Digest, by this act put in force in the Indian Territory."

These enactments clearly provide that writs of error in criminal cases shall be taken to the appellate court of the United States for the Indian Territory, and dispose of the question before us, unless there are other provisions of the acts of Congress which prevent such a conclusion.

The counsel for defendants in error contend that the act of February 6, 1889, c. 113, 25 Stat. 655, gave to the Supreme Court the right to review. The sixth section of that act is in the following words:

" That hereafter, in all cases of conviction of crime the punishment of which provided by law is death, tried before any court of the United States, the final judgment of such court against the respondent shall, upon the application of the respondent, be reëxamined, reversed or affirmed by the Supreme Court of the United States upon a writ of error, under such rules and regulations as said court may prescribe."

It will be observed that when this law was passed the United States court for the Indian Territory did not possess jurisdiction in capital cases. That jurisdiction was *subsequently* conferred. But, even if it be conceded that the provisions of the act of February 6, 1889, might have attached or become applicable to the judgments of the United States court for the Indian Territory when jurisdiction in capital cases was ex-

tended to that court, the intention of Congress is manifested
to have been otherwise by the provision above cited from the
act of March 1, 1895, whereby it is provided that writs of
error in capital cases shall be taken to the Court of Appeals
of the United States for the Indian Territory.

This court had occasion to consider the effect of the act of
February 6, 1889, in respect to the judgments of the Supreme
Court of the District of Columbia in capital cases, in the case
of *Cross* v. *United States,* 145 U. S. 571, and it was there said :

"It is contended on behalf of the Government that the writ
of error will not lie because the Supreme Court of the District
of Columbia is not a court of the United States, within the
intent and meaning of the section. *McAllister* v. *United States,*
141 U. S. 174, is cited with the decision referred to therein, as
sustaining that view, but it is to be remembered that that case
referred to territorial courts only ; and moreover, if the
disposal of the motion turned on this point, the words, ' any
court of the United States,' are so comprehensive that, used as
they are in connection with convictions subject to the penalty
of death, the conclusion might be too technical that Congress
intended to distinguish between courts of one class and of the
other. But the difficulty with the section is that it manifestly
does not contemplate the allowance of a writ of error to any
appellate tribunal, but only to review the final judgment of
the court before which the respondent was tried, where such
judgment could not otherwise be reviewed by writ of error or
appeal. It is the final judgment of a trial court that may be
reëxamined upon the application of the respondent, and it is to
that court that the cause is to be remanded, and by that court
that the judgment of this court is to be carried into execution.
The obvious object was to secure a review by some other
court than that which passed upon the case at *nisi prius.*
Such review by two other courts was not within the intention,
as the judiciary act of March 3, 1891, shows. This is made
still clearer by the further provision that no such writ of
error ' shall be sued out or granted unless a petition therefor
shall be filed with the clerk of the court in which the trial
shall have been had during the same term or within such

time, not exceeding sixty days next after the expiration of the
term of the court at which the trial shall have been had, as
the court may for cause allow by order entered of record.'
This language is entirely inapplicable to the prosecution of a
writ of error to the judgment of an appellate tribunal affirm-
ing the judgment of the trial court. And the case before us
shows this."

It is true that in the present cases the writs of error were
sued out directly to the trial court, whereas in the case of
*Cross* the writ of error was taken to the judgment of the
Supreme Court of the District affirming the judgment of the
trial court, and therefore some of the language quoted from
the opinion in the latter case is not strictly applicable. But
the reasoning of the court, showing that it was unlikely that
Congress intended a review by two other courts than the trial
court, is applicable. It is not to be supposed that Congress,
when it provided by the act of March 1, 1895, for a review or
writ of error in the Court of Appeals for Indian Territory,
regarded the sixth section of the act of February 6, 1889, as
also applicable.

The counsel for the defendants in error cite in their briefs
the fifth and thirteenth sections of the act of March 3, 1891,
establishing the United States Circuit Courts of Appeals, pro-
viding that appeals or writs of error may be taken from the
District or Circuit Courts direct to the Supreme Court of the
United States in cases of capital crimes, and providing that
appeals and writs of error may be taken from the decisions of
the United States court in the Indian Territory to the Supreme
Court of the United States, or to the Circuit Court of Appeals
in the Eighth Circuit, in the same manner and under the same
regulations as from the Circuit or District Courts of the United
States.

Of course as, when this act was passed, the United States
court in the Indian Territory had no jurisdiction over capital
crimes, Congress did not contemplate any appeal or writ of
error in such cases. And when, by the act of March 1, 1895,
jurisdiction of the United States court in the Indian Terri-
tory was extended to capital cases, and a court of appeals was

established, with power to entertain appeals and writs of error, the act of March 3, 1891, cannot be regarded as applicable in such cases. Where a statute provides for a writ of error to a specified court of appeals it must be regarded as a repeal of any previous statute which provides for a writ of error to another and different court.

The decisions of the Court of Appeals of the United States in the Indian Territory are final except so far as they are made subject to review by some express provision of law. In the eleventh section of the act of March 1, 1895, it is provided that "appeals and writs of error from the final decision of said appellate court shall be allowed, and may be taken to the Circuit Court of Appeals for the Eighth Judicial Circuit in the same manner and under the same regulations as appeals are taken from the Circuit Courts of the United States;" but it is not claimed by the counsel for the plaintiff in error that this provision applies to capital cases; and see the case of *Folsom* v. *United States*, 160 U. S. 121.

It has been held by this court that the court established in the Indian Territory, though a court of the United States, is not a District or Circuit Court of the United States. *In re Mills*, 135 U. S. 263, 268.

We accept the contention of the Solicitor General on behalf of the Government, that the Court of Appeals in the Indian Territory, being a court of the United States, is analogous to the Supreme Court of the District of Columbia, and bears the same relation to the trial court in the Indian Territory as the Supreme Court of the District of Columbia bore to the trial court in the District.

And it was held in *Ex parte Bigelow*, 113 U. S. 328, 329, that no appeal could be taken or writ of error sued out to the Supreme Court of the District of Columbia in a capital case, the court saying: "No appeal or writ of error in such case as that lies to this court. The act of Congress has made the judgment of that court conclusive, as it had a right to do, and the defendant, having one review of his trial and judgment, has no special reason to complain." *In re Heath*, 144 U. S. 92; *Cross* v. *Burke*, 146 U. S. 82, 84.

Our conclusion is that we have no appellate jurisdiction of capital cases from the United States court for the Northern District of the Indian Territory, and that such appellate jurisdiction is vested exclusively in the United States Court of Appeals in the Indian Territory.

The motion is allowed and the writs of error in these cases are

*Dismissed.*