## LAUREL OIL AND GAS COMPANY *v.* MORRISON.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 198. Argued October 14, 1908.—Decided February 23, 1909.

Where a statute provides for an appeal or a writ of error to a specific court it must be regarded as a repeal of any previous statute providing for an appeal or a writ of error to another court. *Brown* v. *United States*, 171 U. S. 631.

Decisions of the Court of Appeals of the United States for the Indian Territory are final except as made subject to review by some express statutory provision.

The provisions in § 12 of the act of March 3, 1905, c. 1479, 33 Stat. 1081, for appeals and writs of error from the United States courts in Indian

Territory to the United States Court of Appeals in the Indian Territory, and from that court to the United States Circuit Court of Appeals for the Eighth Circuit are exclusive; and there is now no appeal or writ of error in such cases from the Circuit Court of Appeals of the Eighth Circuit to this court.

Appeal from 154 Fed. Rep. 617, dismissed.

THIS case on the merits is reported in *sub nomine Morrison* v. *Burnette*, 154 Fed. Rep. 617. The able opinion of Sanborn, J., speaking for the Circuit Court of Appeals, is preceded by the following statement, which correctly sets forth the facts:

"Pursuant to an order of the United States Court in the Western District of Indian Territory, which has the jurisdiction of a Probate Court, a lease of 160 acres of mineral land which had been allotted to Edith Durant, a minor Indian, was advertised for sale on sealed bids by Monday Durant, her guardian, and on the day of sale, March 5, 1906, the highest bonus bid for it was $3,490, and this bid was made by Robert W. Morrison, Charles W. S. Cobb, John E. McKinney, William J. Breene and Frank M. Breene, who are now the appellants in this case, and will hereafter be so styled. The Laurel Oil & Gas Company, a corporation, one of the appellees, bid at the same time at this sale $2,850 for this lease. On March 7, 1906, the appellants deposited the $3,490 with the court, and on March 9, 1906, the guardian executed the lease of the land to the appellants and they applied to the court for the confirmation of the sale and the approval of the lease. After notice to all parties in interest and a hearing the court on June 11, 1906, 'ordered, adjudged and decreed that the lease executed by Monday Durant, guardian of Edith Durant, minor, on the ninth day of March, 1906, (to the appellants,) be, and the same is hereby in all things approved, ratified and confirmed.' On the next day the Laurel Company, the unsuccessful bidder at the former sale, made a motion for leave to bid again for the lease of this land, and offered to bid a bonus of $8,000. Thereupon the court set aside the order of June 11, 1906, for the sole reason that a higher bonus could be obtained, and on June 14,

1906, it sold a lease of 80 acres of this land on the same terms as the former to the Galbraith Oil & Gas Company for a bonus of $16,800 and a lease of the other eighty acres on the same terms to the Laurel Oil & Gas Company for $2,000. The leases to these parties were subsequently made by the guardian and the court confirmed these sales and approved these leases. The appellants then sued out a writ of error from the Court of Appeals of the Indian Territory to reverse the order which set aside the decree of confirmation of the sale and of approval of the lease to them, and they also appealed from that order. The Court of Appeals of the Indian Territory consolidated the two cases, heard them as an appeal in equity and affirmed the order below because the court was evenly divided in opinion. The appellants have brought the latter judgment here by writ of error and also by appeal.

"Since the case came to this court the controversy over the eighty acres leased to the Galbraith Oil & Gas Company has been settled and the only dispute remaining relates to the eighty acres leased to the Laurel Oil & Gas Company under the second lease."

The question in the case was whether a court of equity during the term at which the confirmation is made may lawfully avoid an executed judicial sale which it has confirmed, on the sole ground that a larger price may be obtained by a second sale, and was answered in the negative, and the decree was that the decree of the United States Court of Appeals in the Indian Territory and the decree of the United States court for the Western District of the Indian Territory be reversed, and that "this cause be, and the same is hereby, remanded to the United States Court for the Western District of the Indian Territory, with directions to confirm and enforce its order and decree which confirmed the sale and approved the lease to the appellants [appellees here], and to take any further proceedings necessary to that end." This decree was made and entered July 10, 1907. An appeal was thereupon allowed to this court, where the record was filed October 31 of that year.

*Mr. George A. Murphey*, with whom *Mr. William T. Hutchings* and *Mr. Wm. P. Z. German* were on the brief, for appellant.

*Mr. William J. Breene* and *Mr. John J. Shea*, with whom *Mr. Edmond C. Breene* was on the brief, for appellees.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

By the act of Congress, approved March 1, 1889, c. 333, 25 Stat. 783, there was established a United States court for the Indian Territory. The act conferred no jurisdiction over felonies, but by the fifth section exclusive original jurisdiction was conferred over all offenses against the laws of the United States committed within the Indian Territory, not punishable by death or by imprisonment at hard labor. Jurisdiction was conferred in all civil cases between citizens of the United States who are residents of the Indian Territory where the value of the thing in controversy amounted to one hundred dollars or more. The final judgment or decree of the court, where the value of the matter in dispute, exclusive of costs, exceeded one thousand dollars, might be reviewed and reversed or affirmed in the Supreme Court of the United States upon writ of error or appeal, in the same manner and under the same regulations as the final judgments and decrees of a Circuit Court.

By section five of the Judiciary Act of March 3, 1891, c. 517, 26 Stat. 826, as amended, appeals or writs of error might be taken from the District and Circuit Courts directly to this court in cases in which the jurisdiction of the court was in issue; of conviction of a capital crime; involving the construction or application of the Constitution of the United States; and in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority, was drawn in question.

By section six, the Circuit Courts of Appeals established by the act were invested with appellate jurisdiction in all other cases.

The thirteenth section read: "Appeals and writs of error may be taken and prosecuted from the decisions of the United States Court in the Indian Territory to the Supreme Court of the United States, or to the Circuit Court of Appeals in the Eighth Circuit, in the same manner and under the same regulations as from the Circuit or District Courts of the United States, under this act."

The act of March 1, 1895, c. 145, 28 Stat. 693, provided for the appointment of additional judges of the United States court in the Indian Territory, and created a Court of Appeals with such superintending control over the courts in the Indian Territory as the Supreme Court of Arkansas possessed over the courts of that State by the laws thereof; and the act also provided, § 11, that "writs of error and appeals from the final decisions of said appellate court shall be allowed, and may be taken to the Circuit Court of Appeals for the Eighth Judicial Circuit in the same manner and under the same regulations as appeals are taken from the Circuit Courts of the United States," which thus in terms deprived that court of jurisdiction of appeals from the Indian Territory trial court, under § 13 of the act of 1891.

In *Harless* v. *United States*, 88 Fed. Rep. 97, the Circuit Court of Appeals for the Eighth Circuit, in a careful opinion by District Judge Shiras, held that in the act of March 1, 1895, creating the Court of Appeals for the Indian Territory and giving it full jurisdiction, civil and criminal, the provision of § 11, that "writs of error and appeals from the final decisions of said appellate court shall be allowed and may be taken to the Circuit Court of Appeals for the Eighth Judicial Circuit in the same manner and under the same regulations as appeals are taken from the Circuit Courts of the United States," conferred upon that court full appellate jurisdiction over the final decisions of the territorial appellate court, which jurisdiction was not in any way measured or limited by the jurisdiction on ap-

peal from or error to the District or Circuit Courts. And we concur in that view.

The rule was laid down by this court in *Brown* v. *United States,* 171 U. S. 631, that where a statute provides for a writ of error to a specific court of appeals it must be regarded as a repeal of any previous statute which provided for a writ of error to another and different court, and that the decisions of the Court of Appeals of the United States for the Indian Territory are final, except so far as they are made subject to review by some express provision of law. It was furthermore there ruled that the Court of Appeals in the Indian Territory was analogous to the Supreme Court of the District of Columbia, and bore the same relation to the trial court in the Indian Territory as the Supreme Court of the District of Columbia bore to the trial court in the District, and *Ex parte Bigelow,* 113 U. S. 328; *In re Heath,* 144 U. S. 92; *Cross* v. *Burke,* 146 U. S. 82, 84, were cited to the point that no appeal could be taken from or writ of error sued out to the Supreme Court of the District of Columbia where not specifically provided for.

Section 12 of the act of March 3, 1905, 33 Stat. 1081, c. 1479, in force when the proceedings in the present case were had, provides:

"That hereafter all appeals and writs of error shall be taken from the United States courts in the Indian Territory to the United States Court of Appeals in the Indian Territory, and from the United States Court of Appeals in the Indian Territory to the United States Circuit Court of Appeals for the Eighth Circuit in the same manner as is now provided for in cases taken by appeal or writ of error from the Circuit Courts of the United States to the Circuit Court of Appeals of the United States for the Eighth Circuit."

We find no statute giving an appeal from that Circuit Court of Appeals to this court, and perceive no reason for concluding that Congress intended that parties in such cases should be entitled to three appeals.

*Appeal dismissed.*