JACKSON et al. v. CRAVENS, Supervising Inspector of Naval Stores,. et al.

(Circuit Court of Appeals, Fifth Circuit. December 15, 1916.)

No. 2916.

1. STATUTES ☞225½—CONSTRUCTION—SUBSEQUENT STATUTE.
  The general terms of a prior statute are not to be construed as covering the particular terms of a subsequent statute, but the latter are to be construed as withdrawn from the operation of the former.
  [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 305; Dec. Dig, ☞225½.]

2. STATUTES ☞225½—CONSTRUCTION—REMEDIES.
  Where a statute provides a new, specific, and complete remedy, fully covering the subject-matter, its provisions will alone be looked to, and resort cannot be had to prior existing general remedies.
  [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 305; Dec. Dig. ☞225½.]

3. COURTS ☞407(1)—FEDERAL COURTS—APPELLATE JURISDICTION—INJUNCTION ORDERS.
  Judicial Code (Act March 3, 1911, c. 231) § 129, 36 Stat. 1134 (Comp. St. 1913, § 1121), originating in Act March 3, 1891, c. 517, 26 Stat. 826, creating the Circuit Court of Appeals, provides that where, upon a hearing in equity in a District Court or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, an appeal may be taken from such interlocutory order or decree to the Circuit Court of Appeals, notwithstanding an appeal in such case might upon a final decree be taken directly to the Supreme Court. Judicial Code, § 266 (Comp. St. 1913, § 1243), originating in Act June 18, 1910, c. 309, 36 Stat. 539, authorizes a District Judge, upon presentation of an application for a temporary injunction, suspending or restraining the enforcement, operation, or execution of any state

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

statute, to call to his assistance a Circuit Judge and another District Judge, before whom the application shall be heard. The section further declares that an appeal from the order may be taken direct to the Supreme Court of the United States. *Held* that, as the later section provided an entirely new remedy, and provided for a hearing before a court composed practically in the same manner as the Court of Appeals, a litigant, denied a temporary injunction by a District Court so organized, cannot appeal to the Circuit Court of Appeals, and can only appeal to the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1100; Dec. Dig. ☜407(1).]

Appeal from the District Court of the United States for the Southern District of Florida; Emory Speer, Judge.

Suit by J. W. Jackson and others against E. S. Cravens, Supervising Inspector of Naval Stores or purporting to be Supervising Inspector of Naval Stores, and others. An application for preliminary injunction (235 Fed. 212) being denied, complainants appeal. Appeal dismissed.

Chas. M. Cooper and Chas. P. Cooper, both of Jacksonville, Fla., for appellants.

Thomas F. West, Atty. Gen., John C. Cooper, of Jacksonville, Fla., and W. H. Watson and S. Pasco, Jr., both of Pensacola, Fla., for appellees.

Before PARDEE, Circuit Judge, and FOSTER and GRUBB, District Judges.

GRUBB, District Judge. This cause was submitted upon the motion of the appellees to dismiss the appeal. The order appealed from was an order of the District Court for the Southern District of Florida, denying an interlocutory injunction applied for by the plaintiffs. The bill was filed to restrain the supervising inspector of naval stores for the state of Florida from taking steps to enforce an alleged unconstitutional statute of that state. As provided by section 266 of the Judicial Code, the District Judge, upon presentation of the application for a temporary injunction, called to his assistance a Circuit Judge and another District Judge, before whom the application was heard, and by whom it was denied. Thereupon the plaintiffs took an appeal from the order of the District Court, composed of the three judges, to this court. Section 266 provides that:

"An appeal may be taken direct to the Supreme Court of the United States from the order granting or denying, after notice and hearing, an interlocutory injunction in such case."

The contention of the plaintiffs (appellants) is that this provision is permissive only, and does not provide an exclusive remedy for an appeal, but that resort may be had, at the election of the plaintiffs, to the remedy provided in section 129 of the Judicial Code by appeal to this court. The defendants (appellees) contend that the appellate remedy provided by section 266 is exclusive.

[1-3] It is conceded by appellees that the terms of section 129

are broad enough to cover this appeal, unless they are to be restricted by the effect of section 266. The appellants also concede the rule of construction that where an earlier statute provides a remedy covering all cases, and a subsequent statute creates a specific remedy for a particular case, the latter is to be construed to be exclusive, unless the purpose of the Legislature or the convenience of the public demand a different rule of construction, and that this is true, though the language of the subsequent act is permissive, rather than mandatory. The appellants contend that the purpose of Congress in the enactment of the legislation now contained in section 266 was twofold: To expedite the hearing of appeals from orders granting or denying interlocutory injunctions, injunctions involving the unconstitutionality of a state statute in the federal courts, and to relieve the Supreme Court of the burden of litigation. The appellants contend that these controlling objects of the legislation require that it be given a construction that would most expedite the hearing of the appeal from the order on the application for the interlocutory injunction, and have the greater tendency to relieve the Supreme Court of litigation under it. If these were the controlling objects of Congress in enacting the statute, it may be that their accomplishment would best be subserved by a construction that gave the plaintiffs an elective appeal to the Circuit Court of Appeals under section 129, with an expedited hearing, and at the same time relieve the Supreme Court of the hearing of the appeal. We do not think that these were the controlling purposes of Congress. The effect of section 266 is to increase the jurisdiction of the Supreme Court, not to diminish it; and this is true, even if it be construed as appellants contend it should be. Before its enactment, the Supreme Court was burdened with no appeals from interlocutory orders. The inevitable effect of section 266 is, therefore, to add to its jurisdiction, and there is no room for the inference that the aim of Congress in passing the act was to reduce the volume of litigation that went to the Supreme Court. Again, if the purpose of Congress was to relieve the Supreme Court, it would not have attempted to accomplish that purpose by leaving to the litigants the option to go to the Supreme Court or to the Court of Appeals, and so put in the power of the litigants, rather than in that of Congress, the accomplishment of that purpose. We therefore think that the act, codified into section 266, was not passed by Congress with the purpose of relieving the Supreme Court, as was the act of 1891, creating Circuit Courts of Appeals, and other similar acts, and should not be so construed.

Nor do we think that the expedition of the hearing of appeals from orders on applications for temporary injunctions involving the unconstitutionality of state statutes was so much the object of Congress as to provide against the issue of a temporary injunction that should remain in force till final decree upon the mandate of a single judge. The main purpose of Congress was to provide a hearing, before the granting of a temporary injunction, before a court that, numerically and by rank, should approach in authority the Courts of Appeals of the various circuits. It was rather to safeguard the original grant-

ing of the order than to expedite the hearing of an appeal from the order when granted. It was considered that the new remedy provided would satisfy litigants by reason of the character of hearing accorded by it, and thus make them willing to abide the final hearing without discontent. Section 266 provides for the expediting of the original hearing before three judges, largely, doubtless, because of the power vested in the District Court to grant a restraining order pending that hearing. There is nothing in its language to indicate an intention to expedite the hearing of the appeal. The parties were by it accorded a full hearing before a court of three members before any order could be made, and Congress doubtless felt that this and the right of the Supreme Court to advance the hearing afforded a full measure of protection against the incidental delay in a final hearing of the appeal.

For these reasons we see no reason for departing from the settled rule of statutory construction, recognized by the Supreme Court, that the general terms of a prior statute are not to be considered as covering the particular terms of a subsequent statute, but, on the contrary, the latter are to be considered as withdrawn from the operation of the former, unless for good reason. United States v. Chase, 135 U. S. 260, 10 Sup. Ct. 756, 34 L. Ed. 117; Townsend v. Little, 109 U. S. 504, 3 Sup. Ct. 357, 27 L. Ed. 1012; Cook County National Bank v. United States, 107 U. S. 445, 2 Sup. Ct. 561, 27 L. Ed. 537. At the time of the enactment of the act of March, 1891, now represented in part by section 129 of the Judicial Code, and at the time of the adoption of its amendments, no such remedy as that now provided for by section 266 of the Judicial Code was in existence, and Congress could have had no express intention of making the appeal given by section 129 applicable to the new remedy. Section 294 of the Code (Comp. St. 1913, § 1271) prevents giving the re-enactment of section 129, when the Code was adopted, a different construction from that which it originally had.

We think the contention of appellants also conflicts with the rule of construction that where a statute provides a new, specific, and complete remedy, and fully covers the subject-matter, the provisions of the statute will be looked to alone, and resort will not be had to prior existing general remedies as cumulative. It is true that section 266 does not create a new tribunal. Applications under it are addressed to the District Court, and orders are then made by that court. However, it clearly creates a new remedy through an enlarged tribunal. Ex parte Metropolitan Water Co., 220 U. S. 539, 31 Sup. Ct. 600, 55 L. Ed. 575. Outside of its provisions, no authority would exist for the District Judge to call to his assistance other Circuit or District Judges. The new remedy created by it is not limited to the original hearing of the application, but the appeal is also provided for by its terms, and, instead of providing that appeals should be taken as provided by law or by section 129 of the Code, a new remedy for the appeal is created direct to the Supreme Court, which thereby first acquired jurisdiction of appeals from interlocutory orders. We think Congress thereby intended to fully cover the subject-matter of appeals from such orders, and that the remedy so

provided was exclusive, not cumulative. The rule was laid down by the Supreme Court in the cases of Brown v. United States, 171 U. S. 631, 19 Sup. Ct. 56, 43 L. Ed. 312, and Laurel Oil Co. v. Morrison, 212 U. S. 291, 29 Sup. Ct. 394, 53 L. Ed. 517, that:

"Where a statute provides for an appeal or a writ of error to a specific court, it must be regarded as a repeal of any previous statute providing for an appeal or a writ of error to another court."

We think the practical objects to be accomplished are better subserved by the construction we have given the section. In matters where the constitutionality of a state statute is involved, the desiderata are a speedy final decision of the question and the maintenance of the statu quo, as far as may be, pending its decision. The former is the more important. The latter is provided for by section 266, through the means of a hearing of the application for an interlocutory injunction by "an enlarged tribunal" different from the court of equity mentioned in section 129. The former is accomplished by providing for a direct appeal to the Supreme Court from the order granted on the hearing of the application for the interlocutory injunction. An appeal to an intermediate appellate court would serve to delay the final and authoritative decision of the question. The decision of the interlocutory appeal in a large majority of cases of this character is determinative of the question as to the constitutionality of the state statute, if rendered by a court of last resort. To expedite a final settlement of the constitutionality of the state statute, a direct appeal to the Supreme Court provides the quickest method. The Supreme Court has the authority to advance the hearing when justice demands it. The importance of a speedy final settlement of the question is not confined to the litigants before the court, and their interests are not alone concerned. The state and its citizens are also concerned, and this makes a speedy and authoritative settlement of the question of more importance even than the preservation of the status in the instant case. Giving to the litigants the election to delay such authoritative decision by an appeal to an intermediate court would defeat this purpose.

Because of the views expressed, we are constrained to hold that the appeal provided by section 266, direct to the Supreme Court, is exclusive, and that the appeal to this court should be dismissed, at appellants' costs; and it is so ordered.