## SAFE HARBOR WATER POWER CORPORATION v. UNITED STATES et al.

No. 1098.

District Court, E. D. Pennsylvania.

Feb. 6, 1941.

Appeal Dismissed May 12, 1941.

See 61 S.Ct. 1084, 85 L.Ed. ——.

10

George T. Hambright, of Lancaster, Pa., and Charles Markell, of Baltimore, Md., for plaintiff.

Francis M. Shea, Asst. Atty. Gen., Sidney J. Kaplan, Sp. Asst. to the Atty. Gen., and Martin Norr, Sp. Atty., Department of Justice, of Washington, D. C., Gerald A. Gleeson, U. S. Atty., and J. Barton Rettew, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for defendants.

BARD, District Judge.

This comes before the Court on a motion by the defendants to dismiss the complaint and in the alternative for summary judgment dismissing the complaint.

Plaintiff is a licensee under a license issued by the Federal Power Commission and operates a hydroelectric plant for the generation of electricity on the Susquehanna River at Safe Harbor about eight miles south of Lancaster, Pennsylvania. Plaintiff's principal office and principal operating office are located in this judicial district.

Under date of June 11, 1940, the Commission issued an order requiring plaintiff to reduce its rates for electricity. On September 10, 1940, the plaintiff filed the complaint in this action seeking to enjoin and set aside the Commission's order. On the same date, September 10, 1940, the plaintiff also filed a petition with the Circuit Court of Appeals for the Third Circuit to review and set aside the identical order here involved. The Federal Power Commission thereupon filed with the Circuit Court of Appeals a certified transcript of the record upon which the order was entered.

Thereafter defendants filed this motion, with supporting affidavit, to dismiss the complaint and for summary judgment. No question on the validity of the rate order is involved on this motion. Defendants by their motion allege this Court lacks jurisdiction of the subject matter. The primary concern is whether the action was properly brought in this court.

The existing Federal Power Act consists of three parts: Part I is the old Federal Water Power Act of 1920[1] and the amendments under Title II of the Public Utility Holding Company Act of 1935;[2] parts II and III were added in this 1935 Act.[3] Part I empowers the Commission to license power projects on navigable waters, and gives it certain powers of regulation over the licensee. Part II, as added in 1935, gives the Commission jurisdiction over the transmission and sale of electricity at wholesale in interstate commerce, whether or not by licensees. Part III, likewise added in 1935, contains general procedural and administrative provisions applicable to both Parts I and II.

---

[1] Act of June 10, 1920, c. 285, 41 Stat. 1063, 16 U.S.C.A. § 791 et seq.

[2] Act of August 26, 1935, c. 687, Title II, 49 Stat. 838, 16 U.S.C.A. 791a, 796–823. Sections 792 and 793 following section 791a are also parts of the existing Act, having been amended in 1930.

[3] 49 Stat. 847, 16 U.S.C.A. §§ 824, 825.

Although the Commission would appear also to have jurisdiction over Safe Harbor as an interstate utility under Part II of the Act, it chose in this proceeding to exercise jurisdiction over Safe Harbor as a licensee under Part I, Section 20, of the Act.

Section 20 of the Federal Water Power Act of 1920[4] provides that: " * * * The administration of the provisions of this section, so far as applicable, shall be according to the procedure and practice in fixing and regulating the rates, charges, and practices of railroad companies as provided in [the Act to regulate commerce approved February 4, 1887, as amended] Chapter 1 of Title 49, Transportation, and [that] the parties subject to such regulation shall have the same rights of hearing, defense, and review as said companies in such cases. * * * "

It appears that prior to the enactment of the Federal Power Act of 1935 this court, under Section 20 and pertinent statutory provisions,[5] was the proper and exclusive forum for the review of rate orders like the one in question here. Plaintiff relies solely on this statutory authority for suit in this forum and does not contend that the instant case is within the general equity jurisdiction of the court.

Section 313 (b) of the 1935 Act,[6] however, contained another provision for judicial review of Commission orders, reading in part as follows: "Any party to a proceeding under this [Act] chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit Court of Appeals of the United States for any circuit wherein the licensee or public utility to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. A copy of such petition shall forthwith be served upon any member of the Commission and thereupon the Commission shall certify and file with the court a transcript of the record upon which the order complained of

was entered. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order in whole or in part. * * * "

The defendants contend: (1) That the enactment of Section 313 (b) repealed by implication the review provisions of Section 20, and if not, (2) that the filing by the Commission of a certified transcript of the record in the Circuit Court of Appeals, in response to a timely petition to review the order, ousted this Court of its jurisdiction under Section 20.

The fact that, in extensively revising and amending the Act in 1935, the Congress failed to repeal the provisions of section 20, indicates that the section is still in force. "Repeals by implication are not favored. A law is not to be construed as impliedly repealing a prior law unless no other reasonable construction can be applied." United States v. Jackson, 302 U.S. 628, 631, 58 S.Ct. 390, 392, 82 L.Ed. 488. It is true repugnancy or inconsistency or conflict between the provisions of the acts or sections of separate acts does justify implication of repeal, as does a manifest intention that the later Act is to be a substitute for the earlier. United States v. Tynen, 78 U.S. 88, 11 Wall. 88, 20 L.Ed. 153; Red Rock v. Henry, 106 U.S. 596, 1 S.Ct. 434, 27 L.Ed. 251; United States v. California, 297 U.S. 175, 56 S.Ct. 421; 80 L.Ed. 567; H. Rouw Co. v. Crivella, 8 Cir., 105 F.2d 434. But it has also been stated that where the powers or directions are such as may well subsist together and are not irreconcilable, an implication of repeal cannot be allowed. Posadas v. National City Bank, 296 U.S. 497, 56 S.Ct. 349, 80 L.Ed. 351. Sections 20 and 313 (b) are not irreconcilable, and there is no indissoluble conflict. Furthermore, some significance must be attached to the circumstance that, in revising an entire act, the Congress did not specifically deal with this section.

There is authority pertinent to provisions such as here concerned, to the effect that where a statute provides for an appeal or writ of error to a specific court, it must be regarded as a repeal of any previous statute providing for an appeal or writ of error to another court. Brown v. United States, 171 U.S. 631, 19 S.Ct. 56, 43 L.Ed.

---

[4] c. 285, 41 Stat. 1073, 16 U.S.C.A. § 813.

[5] 28 U.S.C.A. §§ 41(28), 43, 44, 45, Judicial Code § 24, c. 309, § 1, 36 Stat. 539,

c. 231, §§ 207, 209, 36 Stat. 1148, 1149, c. 32, 38 Stat. 219, 220.

[6] 49 Stat. 860, 16 U.S.C.A. § 825l(b).

312; Laurel Oil Co. v. Morrison, 212 U.S. 291, 29 S.Ct. 394, 53 L.Ed. 517; Jackson v. Cravens, 5 Cir., 238 F. 117. Though these cases dealt with appeals from courts rather than with court reviews of administrative orders or rulings, and so are not binding in this instance, they are persuasive. But, in view of the carefully enunciated and reiterated rules reviewed above, and the stated circumstances concerning these sections, I cannot imply a repeal.

■ It is my conclusion that the Congress intended to preserve the review afforded by section 20 as alternative resort for relief, that the plaintiff was entitled either to come into this court under section 20 or to go into the Circuit Court of Appeals under section 313 (b).

■ The petition for review filed with the Circuit Court of Appeals was in accordance with section 313 (b). As cited, this section provides that, upon the filing in the Circuit Court of Appeals of the transcript of the record upon which the order complained of was entered, that court is given exclusive jurisdiction. That was done in the instant case. The Circuit Court of Appeals has, therefore, acquired exclusive jurisdiction and the filing of the record in that court ousted this court from jurisdiction over the subject matter.

The defendants' motion to dismiss the action for lack of jurisdiction over the subject matter is granted.