## HUNTEMAN v. NEW ORLEANS PUBLIC SERVICE, Inc., et al.

### No. 9644.

Circuit Court of Appeals, Fifth Circuit.

May 2, 1941.

Rehearing Denied May 31, 1941.

James W. Hopkins, of New Orleans, La., for appellant.

Alvin R. Christovitch and William W. Ogden, both of New Orleans, La., for appellees.

Joseph M. Jones, of New Orleans, La., for amicus curiae.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Henry Hunteman was fatally injured while working as a subcontractor on a construction project in New Orleans, Louisiana. His surviving widow and children brought this suit for damages against New Orleans Public Service, Inc., Arthur J. Rife, and the Liberty Mutual Insurance Company, alleging that the injury resulted from their joint and concurrent negligence, and asking judgment in solido against them.

The court below granted the motion of New Orleans Public Service, Inc., to dismiss the suit, as against it, on the ground that the complaint failed to state a claim upon which relief could be granted. This appeal was taken from that judgment of dismissal, and is met in this court with a motion to dismiss on the ground that the judgment appealed from lacks the finality necessary to confer jurisdiction upon this court, since the action against the other defendants was not disposed of by the judgment but is still awaiting trial in the court below.

The question thus posed, whether this court has jurisdiction to entertain the appeal, must be answered in the negative upon the authority of Menge v. Warriner, 5 Cir., 120 F. 816, General Electric Co. v. Allis-Chalmers Co., 3 Cir., 194 F. 413, and Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443.[1] An order, judgment, or decree dismissing one defendant and leaving, for the future disposition of the court, the same controversy as to others who are charged to be jointly liable with him, is not a final decision which will support an appeal to this court under Section 128 of the Judicial Code, as amended. 28 U.S.C.A. § 225, 43 Stat. 936. When a final decree is rendered which determines the rights of all the parties to the controversy, and which, upon affirmance, would leave nothing to be done by the court below except to execute the decree, then, and not before, may an appeal properly be taken.[2]

These principles do not conflict with the letter or spirit of the Federal Rules of Civil Procedure. The rules are

[1] See also: Bank of Rondout v. Smith, 156 U.S. 330, 15 S.Ct. 358, 39 L.Ed. 441; Hewitt v. McCormick Lumber Co., 2 Cir., 22 F.2d 925; Moss v. Kansas City Life Ins. Co., 8 Cir., 96 F.2d 108; Atwater v. North American Coal Corp., 2 Cir., 111 F.2d 125.

[2] United States v. Girault, 11 How. 22,

not intended to affect the jurisdiction of the district courts with whose procedure they deal; they do not affect the jurisdiction of the appellate courts to which they are not directed.[3] By seeking a judgment in solido against several defendants charged to be jointly and concurrently negligent, we think appellant presented but one claim for determination between the parties. When a judgment is entered which puts an end to that controversy between all of the parties litigant, appellate jurisdiction may be invoked.

By entering the order, a case involving one cause of action was divided into two sections, the one dormant and the other active. This may be unfortunate. The trial of the whole cause may already have been delayed by this attempt to appeal; and, if the case goes to trial between the remaining litigants, the resulting judgment may be set aside on appeal if the motion to dismiss was erroneously granted to New Orleans Public Service, Inc. It might have been better to overrule the motion to dismiss and permit the whole case to progress to its proper disposition, but this was for the district court to determine. It may yet set aside the order of dismissal and reinstate the action as to the New Orleans Public Service, Inc. The entire case is still in the district court and subject to its control. There being no final judgment, the appeal is dismissed.

---

13 L.Ed. 587; Morrison v. Burnette, 8 Cir., 154 F. 617, Id., 212 U.S. 291, 29 S. Ct. 394, 53 L.Ed. 517; Merriman v. Chicago & E. I. R. Co., 7 Cir., 64 F. 535; Morgan v. Thompson, 8 Cir., 124 F. 203; American Bank Protection Co. v. Electric Protection Co., C.C., 181 F. 350; United States v. Bighorn Sheep Co., 8 Cir., 276 F. 710. Cf. United States v. River Rouge Improvement Co., 269 U.S. 411, 46 S.Ct. 144, 70 L.Ed. 339.

[3] Rule 82 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See also the treatment given this problem in Moore's Federal Practice, Vol. 3, pages 3155 et seq., and at pages 469 et seq., 1940 supp.