Original proceeding in mandamus argued October 21; demurrer to alternative writ sustained November 10, 1942

## STATE EX REL. WASHINGTON-OREGON INVESTMENT CO. *v.* DOBSON

(130 P. (2d) 939)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND and ROSSMAN, Associate Justices.

*B. A. Kliks*, of.Portland (Kliks & Kliks, of Portland, on the brief), for plaintiff.

*Frank S. Sever*, Deputy District Attorney, of Portland (James R. Bain, District Attorney, of Portland, on the brief), for defendant.

■ LUSK, J. We took jurisdiction in this original proceeding in mandamus for the purpose of determining whether, under existing legislation, the defendant in an action in the small claims department of the district court of Multnomah county has a right of appeal from the judgment of that court to the circuit court. The relator, Washington-Oregon Investment Company, a corporation, attempted to appeal from such a judgment in the amount of $12 and costs, but its appeal was dismissed by the circuit court. Since no other remedy is open to the relator (see, *State ex rel. v. Kanzler*, 129 Or. 85, 93, 97, 276 P. 273), and, since it was deemed advisable to set at rest a controversy as to the construction of a statute affecting a great many people, we issued the alternative writ requiring the defendant, the presiding judge of the circuit court, to assume jurisdiction of the appeal or show cause why he has not done so. The defendant has filed a demurrer, and

thereby has raised the single question whether the right of appeal exists.

The small claims department of the district court of Multnomah county was created pursuant to the provisions of Ch. 327, General Laws of Oregon 1915, now compiled as §§ 13-401 to 13-416, O. C. L. A. The jurisdiction of the department is limited to cases for the recovery of money only where the amount claimed does not exceed $20. By § 11 of the act (§ 13-411, O. C. L. A.) an appeal to the circuit court was granted to the defendant "in such cases as appeals would be allowed if the action were instituted and the judgment rendered in the justice or district courts, as is now provided."

In 1915, at the time of the enactment of Ch. 327, the right of appeal was given "to either party to an action or proceeding in said district court in all cases where an appeal may now be taken from a justice's court", § 948-12, Oregon Laws (Olson) 1920. That section read as follows:

"That there shall be given the right of appeal to either party to an action or proceeding in said district court in all cases where an appeal may now be taken from a justice's court, which shall be taken at the time and in the manner now provided for taking such appeal from the justice's court in cities of more than 100,000 population; said appeal to be taken to the circuit court for the State of Oregon for the county in which said district court is located, and to be heard and determined by said circuit court in the manner now provided by law for the hearing and determining of appeals from justice's court."

■ In 1915 an appeal was allowed from the justice's court "when the sum in controversy is not less than $10." Section 2455, Oregon Laws (Olson) 1920. Thus,

by the method of reference to these statutes, the legislature provided for an appeal by the defendant from the judgment of the small claims department in all cases where the sum in controversy was not less than $10.

In 1925 the statute governing appeals from the district court was amended so as to read as follows:

"There shall be given the right of appeal to either party to an action or proceeding in said district court in all cases where an appeal may now be taken from a justice's court, which shall be taken at the time and in the manner now provided for taking such appeal from the justice's court; said appeal to be taken to the circuit court of the state of Oregon for the county in which said district court is located, and to be heard and determined by said circuit court in the manner now provided by law for the hearing and determining of appeals from justices' courts. But no appeal to the circuit court shall be taken or allowed in any action for recovery of money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $50." General Laws of Oregon 1925, Ch. 121, § 13-310, O. C. L. A.

This statute will be referred to as the 1925 act.

At the same session of the legislature the statute governing appeals from the justice court was amended so as to allow an appeal "when the sum in controversy is not less than $30, or when the action is for the recovery of personal property of the value of not less than $30", General Laws of Oregon 1925, § 28-401, O. C. L. A. There has been no subsequent change in these provisions.

Since the small claims department of the district court has jurisdiction only of cases in which the amount in controversy does not exceed $20, the question is

presented whether the 1925 amendments operate to deprive the defendant of the right of appeal granted by the act creating the department.

■ The general rule is that, where an act adopts the whole or a portion of another statute, "the subsequent amendment or repeal of the adopted statute has no effect upon the adopting statute unless it is also repealed expressly or by necessary implication", 25 R. C. L., Statutes, 908, § 161. This is for the reason that the adopting statute "means the law as existing at the time of the adoption, and does not adopt any subsequent addition thereto or modification thereof": Endlich, Interpretation of Statutes, p. 115, § 85, p. 312, § 233. Hence, unless there has been an implied repeal of § 13-411 (the adopting statute) the defendant in the small claims department still has a right of appeal to the circuit court where the amount in controversy is not less than $10.

In our opinion such repeal has been effected.

■■ It is true that repeals by implication are not favored, but, when an earlier and a later act are so repugnant that both cannot stand, the doctrine of implied repeal will be applied. *Rorick v. Dalles City*, 140 Or. 342, 346, 12 P. (2d) 762; *Messick v. Duby*, 86 Or. 366, 369, 168 P. 628.

> "* * * and even where two acts are not in express terms repugnant, yet if the latter Act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first Act, it will operate as a repeal of that Act." *District of Columbia v. Hutton*, 143 U. S. 18, 27, 36 L. Ed. 60, 12 St. Ct. 369.

To the same effect, see, *Brigham v. The City of New York*, 227 N. Y. 575, 124 N. E. 209.

In *United States v. Gillis*, 95 U. S. 407, 416, 24 L. Ed. 503, it is said:

"The rule is, that an ancient statute will be impliedly repealed by a later one only when the later is couched in negative terms, or when the matter is so clearly repugnant that it necessarily implies a negative."

■ The 1925 act both embraces new provisions and is in negative terms. It provides that "no appeal to the circuit court shall be taken", etc. No clearer or broader language could have been used to express the intention to cover the whole subject of appeals from the district court and to take away the right of appeal in all cases other than those specified. A case in the small claims department is a case in the district court, and the former act, allowing an appeal to the defendant from that department, cannot stand with the later statute.

The Supreme Court of the United States has ruled that where a statute provides for an appeal or a writ of error to a specific court it must be regarded as a repeal of any previous statute providing for an appeal or a writ of error to another court. *Laurel Oil & Gas Co. v. Morrison*, 212 U. S. 291, 53 L. Ed. 517, 29 S. Ct. 394, and *Brown v. United States*, 171 U. S. 631, 43 L. Ed. 312, 19 S. Ct. 56. In *Shepherd v. Clements*, 224 Ala. 1, 141 So. 255, the question was whether a general act governing procedure repealed a local statute upon the same subject. The court recognized the rule that the presumption was against such repeal, but stated that the question was one of intention, and, since it was clear that there was a general intent of the legislature to establish a uniform system throughout the state, the presumption would be applied that the local acts were intended to be repealed.

In *Brigham v. The City of New York*, supra, the court had under consideration a statute which granted an appeal from the decision of a special tribunal to the appellate division and from the appellate division to the court of appeals. Later a general act was passed prescribing the jurisdiction of the court of appeals "in civil actions and proceedings". It provided that such jurisdiction "shall be confined to the review upon appeal of an actual determination made by an appellate division of the Supreme Court in either of the following cases *and no others*". The instances in which an appeal might be taken were then specified. They did not include the case then before the court. The court held that the later act superseded and repealed the special provisions in earlier special acts granting appeals.

To sustain the relator's position would be to ignore the rule that a construction which would lead to an unreasonable or absurd result should be avoided. See, 25 R. C. L., Statutes, 1018, § 256; Sutherland, Statutory Construction (2d Ed.), § 490. The jurisdiction of the small claims department in cases involving $20 or less was, by the terms of the statute (until its amendment by Ch. 335, Oregon Laws 1941), not exclusive: § 13-401. The plaintiff had the choice of suing in the small claims department, with its swift, inexpensive and informal procedure, or he might avoid the department and go through the ordinary routine of a law suit. In either case the proceeding was in the district court. No sensible reason has been suggested, and none occurs to us, for saying that the legislature intended to grant the right of appeal in cases involving only $10 in the one instance and to withhold it in the other. Indeed, if any distinction was to be made, one would suppose that

it would not be in favor of the right of appeal by the defendant in the small claims case, since the small claims department was created with the "sole object of dispensing speedy and quick justice between the litigants": § 13-409, O. C. L. A. We are not impressed with the argument of the relator intended to demonstrate the necessity for the right of appeal in "these petty controversies". *Doane v. Stein*, 87 Or. 97, 99, 169 P. 781.

*Shepherd v. Clements*, supra, illustrates the point. The precise question there was whether a provision of a local act, requiring reservation of an exception to review the judgment of a court, had been repealed by a later general practice act. The court said, after referring to the rule in favor of a sensible construction:

> "It would seem unreasonable that the lawmakers should require the reservation of an exception to review the judgment of a court in one county and should permit such review in another county without such exception".

It is argued that an act of the legislature passed in 1935 demonstrates that the right of appeal from the small claims department has not been abolished. This act, Ch. 23, General Laws of Oregon 1935, § 13-412, O. C. L. A., purported to amend § 12 of the small claims act by providing "that such appeal shall be tried in the circuit court without the intervention of a jury". This is said to be a reenactment of the right of appeal, or at least a legislative construction of the act of 1925.

Section 13-412, O. C. L. A., does not profess to be a reenactment of anything except the statute prescribing the procedure on appeal from the small claims department. It neither grants nor professes to grant

any right. Nor can it be given effect as a legislative construction of the meaning of the 1925 act. We are asked to hold that another legislature, assembled ten years after that which passed the 1925 act, with a different membership no doubt, can bind the court by its apparent assumption that the right of appeal from the small claims department still existed. As a matter of fact the legislature has not attempted to declare the meaning and effect of the 1925 act. See, *United States v. Gillis*, 95 U. S. 407, 415, 24 L. Ed. 503, where the court stated:

"It is enough, however, that a later statute, not declaratory in its character, cannot be relied upon for the purpose of giving a construction to a former act plain in its terms."

■ If, however, such declaration had been made, it would not control the court in the construction of the statute, for that is a judicial, not a legislative, function. *Macartney v. Shipherd*, 60 Or. 133, 117 P. 814, Ann. Cas. 1913D, 1257; *District of Columbia v. Hutton*, supra. In 25 R. C. L., Statutes, 1048, § 275, it is said:

"It is very common for a court, in construing a statute, to refer to subsequent legislation as impliedly confirming the view which the court has decided to adopt; and in some cases, perhaps, more weight has been given to this later action of the legislative body than correct rules of interpretation would authorize, for a legislature cannot, by mere expression of opinion, without a positive legislative act, bind the court on a question of construction."

In *Town of South Ottawa v. Perkins*, 94 U. S. 260, 24 L. Ed. 154, the supreme court held a bond issue of a municipal corporation invalid because no act of the legislature authorizing such issue had been constitutionally passed. A contention based on the fact

that two later acts of the legislature referred to the earlier act as though it were a valid existing law was thus disposed of:

> "The legislature could not thus, in 1869, give validity to a void Act as an Act passed in 1857, which was not constitutionally passed in that year; for that would be an evasion of the Constitution. It could at most give it vitality as a new Act from the date of the Act of 1869. But this it does not profess to do; it only adopts its provisions for the purposes of the Act then passed. And if the Legislature of 1869 could have validated all proceedings had under the supposed Act of 1857, it did not do so. It did not profess to do it. No such purpose is indicated in it. The most that can be said is, that in referring to the Act of 1857, the Legislature inadvertently supposed that it had been regularly passed. Whether such inadvertence was the result of a false suggestion, by interested parties or otherwise, is of no consequence. No intent to validate and establish the Act of 1857, as a law, can be gathered from the terms of the Act of March 27, 1869. To give to such a reference in a subsequent Act, as is here relied on, the effect of validating or reviving or vitalizing a void or repealed statute, when no such intention is expressed, would be dangerous, and would lay the foundation for evil practices. The Legislature might in this way be entrapped into the enactment or reenactment of laws when it had no intention or even suspicion that it was doing so."

*District of Columbia v. Hutton*, supra, in some respects bears a marked resemblance to the present case. The court there held that an act of Congress prescribing the qualifications for holding any office on the police force of the District of Columbia had been repealed by implication by a subsequent act. It was contended (as it is here) that a still later act recognized the existence of the original act and therefore indicated

that no repeal had taken place. As to this the court, after quoting the statute relied upon in support of this contention, said:

"It is manifest, however, from an inspection of this section, that there was no recognition in it by Congress that said § 354 was still subsisting law. But even if Congress had supposed that that section was still the law, when, as a matter of fact, it had been repealed, it would make no difference in this consideration. Postmaster-General v. Early, 25 U. S. 12 Wheat. 136, 148 (6: 577, 582); South Ottawa v. Perkins, 94 U. S. 260, 270 (24: 154, 158); United States v. Claflin, 97 U. S. 546, 548 (24: 1082, 1083). The question is, *Was said § 354 repealed by the Act of 1878?* That is a judicial question, to be determined by the courts, upon a proper construction of that section and subsequent legislation upon the same subject-matter, and is not for the legislative branch of the government to determine. Authorities last cited. The Act of January 31, 1883, did not profess to reenact the provisions of § 354, and we do not think there is anything in that Act running counter to the view we have taken in this case of the repeal of that section by the Act of 1878."

██ It is further contended that the 1925 act does not apply to the small claims department because that act refers to the amount in controversy as "it appears from the pleadings in the case", and it is said that there are no pleadings in a small claims case. Sections 13-402 to 13-407, O. C. L. A., provide for the filing by the plaintiff of a verified notice of claim which "shall contain the name of the plaintiff and the name of the defendant, followed by a statement, in brief and concise form, of the nature and amount of said claim and the time of the accruing of such claim": § 13-405, O. C. L. A. Section 13-409, O. C. L. A., provides in

part: "No formal pleading, *other than the said claim and notice,* shall be necessary to define the issue between the parties * * *" (Italics supplied). It is evident that the legislature itself has classified the claim as a pleading, and this contention, therefore, is without merit.

For these reasons we are of the opinion that the right of appeal originally granted the defendant in the small claims department of the district court has not existed since the 1925 act became effective and does not now exist. The demurrer to the alternative writ will, therefore, be sustained, and, since no conceivable amendment of the writ could make a different question, an order will be entered discharging the writ, with costs and disbursements to the defendant.

RAND, J., dissents.