**UNITED STATES of America,**
**Plaintiff,**

v.

**J. Francyl HOWARD, a/k/a J. F. Howard; Mary B. Howard, et al.,**
**Defendants.**

**Civ. No. 68–51.**

United States District Court
D. Oregon.

Dec. 3, 1968.

Jack G. Collins, First Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff.

Reuben Lenske, Portland, Or., for defendants.

### OPINION AND SUMMARY JUDGMENT

KILKENNY, District Judge:

Before the Court is the motion of the plaintiff for a summary judgment as to all issues, or, in the alternative, for a partial summary judgment as to certain of the defenses claimed by defendants Howard.

Plaintiff seeks to foreclose a tax lien created by a 1958 Tax Court judgment.

The tax lien was previously foreclosed in this Court on other property by judgment dated April 29, 1966, D.C., 254 F. Supp. 499. The property which was the subject of the lien in that foreclosure was sold under execution issued out of this Court, the sales being confirmed by orders of the Court dated August 9, 1966. Certified copies of all of the proceedings in said foreclosure are before the Court. No appeal was taken from the decision of the Tax Court, nor was there an appeal from the decree of foreclosure in this Court.

First, defendants claim that the tax assessments made by plaintiff against the defendants were based upon the use of written evidence and documents taken from the defendants in an unlawful search and seizure in violation of their constitutional rights.

■■ Not even the Court of Appeals has jurisdiction to review a decision of the Tax Court once the time has expired for filing a petition for review. Lasky v. Commissioner of Internal Revenue, 235 F.2d 97 (9th Cir.1956); Schaffner v. Bingler, 268 F.2d 76 (3d Cir.1959). If any jurisdiction exists in the District Court to review a decision of the Tax Court, in a proceeding such as this, it is certainly no greater than is the jurisdiction of the Court of Appeals. Sprague Elec. Co. v. Tax Court, 230 F.Supp. 779 (D.Mass.1964), aff'd. 340 F.2d 947 (1st Cir.1965); Baglivo v. Commissioner of Internal Revenue, 235 F.Supp. 493 (E. D.Pa.1964). Aside from that, the judgment entered in the Tax Court in April, 1958, is *res judicata* on that tax liability of the defendant taxpayers. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

■ To be kept in mind is the fact that the proceedings in this cause are civil in nature, rather than criminal. Even Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (May 6, 1968), while warning that routine tax investigations are not immune from constitutional requirements, is no authority for the position of defendants. In *Mathis*, the defendant was in custody, although on a different charge, and the proceedings were criminal, rather than civil. I do not mean that the constitutional issue may never be raised in a civil case. I do say this issue, on those facts, cannot be raised after two final adjudications, one in the Tax Court and the other in the District Court.

■■ As a second defense, the defendants Howard charge that plaintiff conducted the previous sales of property of the defendants in such an unlawful and an unconscionable manner that the properties of defendants were sold to persons who were not the highest bidders and at prices which were a small fraction of the value of the property. Defendants made no objection to the sales, nor did defendants appeal from the orders confirming the sales. Generally, after a confirmation of a judicial sale, neither the inadequacy of the price, nor offers of higher prices, nor anything less than actual fraud, mistake or accident, will permit a Court to set aside the sale. Morrison v. Burnette, 154 F. 617 (8th Cir.1907), appeal dismissed sub. nom. Laurel Oil & Gas Co. v. Morrison, 212 U.S. 291, 29 S.Ct. 394, 53 L.Ed. 517 (1909); Weir v. United States, 339 F.2d 82 (8th Cir.1964). The charges in defendants' answers are mere conclusions and do not fall within the rule just stated. Under Rule 56(e), F.R.Civ.P. effective July 1, 1963, a party may not rest upon the mere allegations or denial in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Turner v. Lundquist, 377 F.2d 44 (9th Cir.1967); Scarboro v. Universal C.I.T. Credit Corp., 364 F.2d 10 (5th Cir.1966); Int'l. Longshoremen's & Warehousemen's Union v. Kuntz, 334 F.2d 165 (9th Cir.1964); Trustees of the Puritan Church v. United States, 191 F.Supp. 670 (D.C.1960), aff'd. 111 U.S.App.D.C. 105, 294 F.2d 734 (1961). Without a charge of fraud or a showing that the sales price was so inadequate as to amount to a fraud, defendants should not be permitted to col-

laterally attack a judicial sale made over nineteen months prior to the challenge.

■ The third defense presented by defendants is that the property in question is used by defendants, both as a residence and for their business purposes, and that the property has been so used since 1937. While the pleading is inexpertly drawn, it is assumed that the defendants are attempting to claim the property as a homestead under Oregon law. Unfortunately for defendants, the Internal Revenue Code makes no provision for a homestead exemption. The Oregon exemption law is of no avail. Leuschner v. First Western Bank & Trust Co., 261 F.2d 705 (9th Cir.1958); United States v. Heffron, 158 F.2d 657 (9th Cir.1947); Kieferdorf v. Commissioner of Internal Revenue, 142 F.2d 723 (9th Cir.1944).

■ It is difficult to follow the defendants' claim that a statute of limitations bars the claim. The record is clear that defendants executed waivers extending the six year statute of limitation to December 31, 1966. Prior to that date, on September 30, 1965, Judge Solomon granted to the Government a partial summary judgment against defendants for unpaid taxes, interest and penalties, on the 1958 Tax Court judgment. Later, on April 29, 1966 in the same action, as previously stated, judgment of foreclosure was entered directing the sale of certain property. Defendants cite no statute which would apply to these facts, nor have I been able to find one. The life of the Government's lien is measured by 26 U.S.C. § 6322. The waiver and the judgments previously mentioned prevented the lien from expiring. The lien is enforceable as long as the judgment remains enforceable. United States v. Hodes, 355 F.2d 746 (2d Cir.1966), *cert. denied* 386 U.S. 901, 87 S.Ct. 784, 17 L.Ed.2d 779 (1967).

On the record before me, I find there is no genuine issue of fact to be resolved. Consequently, the plaintiff's motion for a summary judgment must be allowed.

It is so ordered.