Lionel Millard SMITH, Bankrupt,
Appellant,

v.

Edward N. JUHAN, Trustee in Bank-
ruptcy, Appellee.

In the Matter of Lionel Millard SMITH,
Bankrupt.

No. 7015.

United States Court of Appeals
Tenth Circuit.

Dec. 4, 1962.

Robert L. McDougal, Colorado Springs, Colo., for appellant.

Aldo G. Notarianni and Sidney Biderman, Denver, Colo., for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

The controversy here arose in the bankruptcy court during the course of the administration of a bankrupt's estate.

Appellant, Lionel Millard Smith, was adjudicated a bankrupt in April, 1959, and appellee, Edward N. Juhan, was duly appointed and qualified as Trustee of the bankrupt's estate. A portion of the assets of the estate consisted of certain real property located in Arvada, Colorado. This particular real property was appraised in July, 1959, at $10,000.00, upon order of the Referee in Bankruptcy and as provided for by statute.[1] Thereafter, the Trustee was not successful in his efforts to sell the property until June 27, 1961, when he received an offer in the amount of $7,500.00, which was 75 per cent of the appraised value, as the statute requires. The Trustee thereupon petitioned the Referee for authority to sell the property pursuant to this offer and on July 10, 1961, the Referee entered his order approving and confirming the sale.

On July 17, 1961, appellant filed his petition with the Referee seeking to have the order of confirmation set aside, and alleging therein: He desired that the highest possible price for the property be obtained; he had recently caused an appraisal of the property to be made and such appraisal valued the property at $12,500.00; he desired to purchase the property; the confirmed sale was not a reasonable and just sale since it was for less than 75 per cent of the present appraised value, i. e., his recent appraisal, and was not the best price obtainable.

On July 19, 1961, appellant submitted to the Trustee an offer to personally purchase the real property in question at the price of $8,500.00 and delivered to the Trustee a check for that amount. The offer to purchase was turned down and the check returned.

The Referee entered an order denying appellant's petition to set aside the order of confirmation and from this order appellant petitioned the District Court for review.

The District Court, upon hearing of the petition for review, sustained the Referee and in so doing specifically found: The questioned bid of $7,500.00 was in fact 75 per cent of the official appraised value; there had been no request for a more recent appraisal; the Referee did not err in rejecting the offer of the bankrupt to purchase the property; the bankrupt had failed to show by a preponderance of the evidence that the questioned bid was unfair or inadequate; there was no fraud or mistake in the bidding or the acceptance of the bid, nor was there any gross error in the acceptance of the bid, or in the Referee's refusal to set aside the confirmation of the sale; and that it was discretionary with the Referee as to whether he should set aside the confirmation.

The only question presented is whether under the facts of this case there is a clear showing of abuse of discretion on the part of the Referee, since the record is absolutely void of any evidence to support any other ground for the overturning of either the Referee's order or the District Judge's decision sustaining that order. This in turn depends upon whether the alleged inadequacy of the sales price is sufficient to set aside the order of confirmation. The answer to these questions disposes of all of the points raised by the appellant.

It should be emphasized that here appellant seeks to set aside a sale already confirmed and there is a clear distinction between setting aside a sale already confirmed and denying confirmation of a sale. The distinction is well stated in 4

1. 11 U.S.C. § 110, sub. f.

Collier on Bankruptcy (14th Ed.), § 70.98, at pages 1866–1870:

"The *setting aside* of a sale is different from both the denial of confirmation and the reversal on review of or appeal from an order of confirmation. It presupposes an otherwise complete sale—that is, normally, a sale that requires confirmation and has been duly and definitely confirmed. Its function is one of strictly equitable jurisdiction, namely to avoid a sale, public or private, that is tinged with fraud, error or similar defects which would in equity affect the validity of any private transaction. Naturally, such defects would equally justify the denial of confirmation. But proceedings to 'set aside' a sale offer an opportunity to attack on the grounds mentioned a sale already finally confirmed unless the particular defect alleged was examined in the confirmation proceedings and was held to be without merit, in which case the principle of *res judicata* would apply. Proceedings to set aside are not a second edition of the confirmation proceedings. They cannot be set in motion for reasons other than defects of such gravity as to 'shock the conscience of the chancellor', and even irregularities of a quite serious kind that might have been, but were not, asserted in the confirmation proceedings are definitely lost and cannot be used as a ground for the request to set aside.

"The distinction between proceedings to set aside and confirmation proceedings becomes particularly important when it is asserted that the sales price is inadequate or that there were irregularities in the sales procedure. As noted in the preceding paragraph, irregularities that fall short of fundamental defects cannot be availed of as grounds for vacating a confirmed sale. * * *"

In this jurisdiction, it is well settled that a judicial sale regularly made with notice and in the manner prescribed by law will not be denied confirmation or be set aside for mere inadequacy in price unless the price is so grossly inadequate as to shock the conscience of the court and is coupled with slight additional circumstances indicating unfairness such as chilled bidding. Breeding Motor Fr. Lines v. Reconstruction Finance Corp., 10 Cir., 172 F.2d 416, 424, cert. denied, 338 U.S. 814, 70 S.Ct. 54, 94 L.Ed. 493; Scott v. Jones, 10 Cir., 118 F.2d 30, 32. In the case of Morrison v. Burnette, 8 Cir., 154 F. 617, at page 624, appeal dismissed, Laurel Oil & Gas Co. v. Morrison, 212 U.S. 291, 29 S.Ct. 394, 53 L.Ed. 517, the court stated:

"* * * the rule is settled, and it seems to be universally approved, that after confirmation of a judicial sale neither inadequacy of price, nor offers of better prices, nor anything but fraud, accident, mistake, or some other cause for which equity would avoid a like sale between private parties, will warrant a court in avoiding the confirmation of the sale or in opening the latter and receiving subsequent bids. (Citation of authorities)"

The reasons for the rule are set forth in J. J. Sugarman Co. v. Davis, 10 Cir., 203 F.2d 931, where Judge Huxman, speaking for this Court, said at page 933:

"Where one's bid has been accepted, he has a vested interest which under the decisions may be destroyed only for the most cogent of reasons, such as fraud, or conduct which in effect amounts to fraud. But as has been said many times, the mere fact that someone comes forward and offers to bid more will not be tolerated because it is an invasion of a right acquired by the successful bidder at a free and open sale and for the further and even more weighty reason that permitting this to be done would undermine confidence in judicial sales and thus defeat the end sought to be obtained,

the protection of estates being thus liquidated."

Here, the sale by the Trustee for $7,500.00 was made in the manner prescribed by law and the facts fail to show that the price obtained for the property at such sale is so grossly inadequate as to shock the conscience of the court. Certainly, the facts as disclosed by the record fall far short of showing fraud, accident, mistake or any other cause for which equity would avoid a like sale between private parties.

However, in an effort to support his claim of abuse of discretion, appellant puts his offer to purchase the property in the class of a competitive bid. But, as we have seen, his offer to purchase was not made until after the $7,500.00 bid or offer had been accepted and the sale thereunder confirmed. It, therefore, cannot be classified as a competitive bid. At best, it is a belated offer to purchase the property which came at a time when full equitable title thereto had already passed since the confirmation of the prior sale had that effect. In Re Burr Mfg. & Supply Co., 2 Cir., 217 F. 16, 19; 4 Collier on Bankruptcy (14th Ed.), § 70.98, page 1864.

In a further effort to sustain his contention of abuse of discretion, appellant apparently gives the recent appraisal procured by him the standing of an appraisal as required by the statute. His appraisal was not procured by order of the court and had no legal effect upon the sale. Nor can it even be considered in determining whether the sale in question was equal to 75 per cent of the appraised value. In order to determine that question we look to the only appraisal made under order of the court and procured by the Trustee. Appellant's contention that the court ordered appraisal is obsolete is equally without merit since the record does not show that any attempt was made to have the court order a new appraisal.

Furthermore, even if it be conceded that the sale might be set aside on the basis of inadequate price, there is no showing of facts sufficient to justify an application of such a principle. The adequacy of price must be determined as of the time of sale. In Re Marathon Foundry & Machine Company, 7 Cir., 239 F.2d 122, cert. denied, Dyner v. Schwartz, 353 U.S. 912, 77 S.Ct. 669, 1 L.Ed.2d 665. And, from the record before us, it appears that the sale was made for 75 per cent of the appraised value which is all the statute required.[2] We find nothing to indicate that the price paid was inadequate at the time the sale was made. To the contrary, the Trustee had been unsuccessfully trying to sell the property for over two years when he received the offer in question.

We, therefore, hold that the Referee did not abuse his discretion in denying appellant's petition to set aside the sale. The order of the court below sustaining the Referee is affirmed.