**In the Matter of Harry William KAMINSKY, Bankrupt.**

**No. 66–B–1666.**

United States District Court
E. D. Wisconsin.

Feb. 23, 1968.

George E. Frederick, Milwaukee, Wis., for petitioner Charlotte Kaminsky.

Truman Q. McNulty, Milwaukee, Wis., for trustee.

Albert C. Heller, Milwaukee, Wis., trustee in bankruptcy.

Howard W. Hilgendorf, Milwaukee, Wis., referee in bankruptcy—review of his orders.

## OPINION AND ORDER

GRUBB, Senior District Judge.

The case is before the court on petitions for review of two orders of the Referee in Bankruptcy. Petitioner is Charlotte Kaminsky, the wife of the bankrupt, Harry W. Kaminsky. The orders, issued on August 7, 1967 and September 8, 1967, respectively, provide for (1) authorization of the sale of certain real estate free and clear of all liens, encumbrances, or dower rights of petitioner, and with all such interests to be transferred to and attached to the proceeds of the sale, and (2) confirmation of the sale of said property by private sale.

*Background*

Following an attempted arrangement under Chapter XI of the Bankruptcy Act, Harry William Kaminsky was adjudicated a bankrupt on December 16, 1966. The adjudication was affirmed on review by the district court, the Honorable F. Ryan Duffy, Senior Circuit Judge, presiding, on April 4, 1967.

The records of the bankruptcy file show that the bankrupt, in his statement of all property, listed the real estate in issue as follows:

"Homestead of Debtor at 8130 North Beach Road, Fox Point, Wisconsin, described as follows: A portion of Government Lot Two (2), in the South West Fractional One-quarter (¼) of Section numbered Ten (10), in Township numbered Eight (8) North, Range numbered Twenty-two (22) East, in the Village of Fox Point, County of Milwaukee and State of Wisconsin."

This description encompasses a large home situated on a lot of approximately

three acres and having some 368 feet frontage on Lake Michigan. The described property in its entirety hereinafter will be referred to as the "North Beach Road" property.

The bankrupt also claimed the North Beach Road property under the homestead exemption, and the statutory homestead exemption under § 272.20 Wis. Stats. in the amount of $10,000 extends to the property. Its record title is solely in the name of the bankrupt and it is subject to a first mortgage in which petitioner joined, in the amount of $82,000 including real estate taxes, and United States tax liens in the approximate amount of $48,000. Other liens of judgments and for taxes taken within four months of bankruptcy are not material here.

For purposes of the bankruptcy proceedings, the North Beach Road property as to which the bankrupt had declared a value of $160,000, was appraised in January of 1967, by Stanley E. Jarz, as having a value of $145,000, according to the certified report of the appraiser filed with the court.

The order authorizing the sale of the North Beach Road property issued after hearing at which petitioner was represented by counsel. No challenge was made to the appraiser's report and counsel indicated that there was no objection to a negotiated rather than a forced, public sale with the proceeds made subject to petitioner's interests, if any.

After issuance of the order authorizing sale, there was a substitution of attorneys for petitioner and petition for review was filed raising the objections that no benefit to general creditors would result from a sale in that the liens against the property would exceed the potential proceeds and that there would be unnecessary diminution of the bankrupt estate by the costs and expenses incident to the sale.

Pending judicial review of the order authorizing sale, the trustee began negotiations with prospective purchasers, and on August 14, 1967, entered into a written offer of purchase and sale, subject to the approval of the court, for a price of $151,000.

The order confirming the sale issued after hearing at which the petitioner was represented by counsel. At this time, for the first time in the bankruptcy proceedings, it was contended that the North Beach Road property should be considered as being comprised of separate parcels: one, the homestead consisting of the house supported by one acre, and two additional separate lots of approximately one acre each. Petitioner offered a letter from a realty company showing a total value for the divided property of $175,000, with $115,000 assigned to the homestead and a total of $60,000 for the combined additional lots. Relying on this letter, petitioner claimed that the proposed sales price of $151,000 was inadequate and that the sale would be in disregard of the inchoate dower rights of petitioner in the non-homestead portion of the property.

On the petition for review of the order confirming the sale, it is claimed that no benefits for general creditors could be realized from the net proceeds; that the order is invalid since issued without petitioner's consent and in disregard of her dower interests; that the sales price is inadequate and that no sufficient effort was made to sell at the best price.

The objections on the petitions for review of both orders which are consolidated for purposes of hearing and determination resolve themselves into two principal contentions: (1) the sale of the real estate has deprived petitioner of her interest in the property without due process of law, and (2) if petitioner's interests were duly considered and determined, there would be no equity in the proceeds on sale for the benefit of creditors and thus the sale would not constitute a proper exercise of discretion of the bankruptcy court.

*Petitioner's Interest in the North Beach Road Property*

The record shows that from the inception of the bankruptcy proceedings

until hearing on confirmation of sale, all parties in interest considered the North Beach Road property as one unit consisting of the home supported by a three-acre lot. The bankrupt described it thus and characterized it as his homestead in relation to which he claimed that exemption. The liens of the first mortgage and the federal taxes relate to the property in its entirety. The appraisal, for purposes of the bankruptcy proceedings, accepted by the parties without objection, was based on consideration of the house situated on a three-acre lot.

The parties to the hearing on authorization of sale, including petitioner, dealt with the property as one parcel of homestead property. Objections by petitioner to the authorization were not based on a theory of divisibility into three lots. It is not disputed that the North Beach Road property falls within the definition of a homestead under Wisconsin law, § 990.01(13), Wis. Stats.,[1] and qualifies for the homestead exemption, §§ 990.01 (14)[2] and 272.20, Wis. Stats.[3]

The questions of division of the property or of evaluation based on separate parcels never having been raised, the referee's order authorizing the sale as one piece of homestead property at the appraised value of $145,000 cannot be challenged on the ground that the property should have been treated as three parcels at a different evaluation. Although the referee reserved the determination of the nature and value of petitioner's rights in the property by the provision that her interests were to attach to the proceeds on sale, it is to be noted that there are no dower rights in homestead property under § 233.01, Wis. Stats.,[4] and that while dower rights attach to all lands of which the husband was seized of an estate of inheritance at any time during the marriage, the wife's homestead rights, under § 237.02, Wis. Stats.[5] relate to a homestead of

1. § 990.01(13) *"Homestead.* (a) The word 'homestead' means the dwelling and so much of the land surrounding it as is reasonably necessary for use of the dwelling as a home, but not less than one-fourth acre (if available) and not exceeding 40 acres."

2. § 990.01(14) *"Homestead exemption.* The words 'exempt homestead' mean that part of the homestead within the limitation as to value set forth in s. 272.20, except as to liens attaching or rights of devisees or heirs of persons dying before the effective date of any increase of that limitation as to value."

3. § 272.20 *"Homestead exemption definition.* (1) An exempt homestead as defined in s. 990.01(14) selected by a resident owner and occupied by him shall be exempt from execution, from the lien of every judgment and from liability for the debts of such owner to the amount of $10,000, except mortgages, laborers', mechanics' and purchase money liens and taxes and except as otherwise provided. Such exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding $10,000, while held, with the intention to procure another homestead therewith, for 2 years.

Such exemption extends to land owned by husband and wife jointly or in common, and when they reside in the same household may be claimed by either or may be divided in any proportion, between them, but in no event shall the exemption exceed $10,000 for such household. * * *"

4. § 233.01 *"Widow's right to dower.* The widow of every deceased person dying after August 31, 1921, shall be entitled to a dower defined to be a one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage unless she is lawfully barred thereof. However, such widow shall have no dower in any homestead of which her husband died seized; instead she shall have homestead rights as provided in s. 237.02."

5. § 237.02 *"Homestead, how to descend.* When the owner of any homestead shall die, not having lawfully devised the same, such homestead shall descend in the manner following:
"(1) If the decedent shall have no lawful issue, to the widow or widower.
"(2) If the decedent shall leave a widow and issue or a widower and issue, to the widow or widower so long as not remarried, and upon marriage or death to the original decedent's heirs according to

which the spouse is an owner at his death, "not having lawfully devised the same."

■ Since the North Beach Road property at the time of authorization of sale was properly treated as homestead property, no inchoate dower rights need have been considered at that time. The power of the bankruptcy court to order the sale of homestead property with the exemption attaching to the proceeds cannot be, and is not here questioned. See, In re Blodgett, 115 F.Supp. 33, 35 (E.D.Wis. 1953).

■ After the trustee had negotiated a duly authorized offer of purchase and sale at a price $6,000 in excess of the appraised value, petitioner injected the question of the divisibility of the premises on the hearing on confirmation of sale. Under this theory, the homestead exemption would be available to that portion consisting of the home and one acre, and petitioner would have inchoate dower rights in the remaining two lots.

■ The independent "appraisal" by persons whose competence and disinterest has not been established that was submitted by petitioner by letter does not suffice to challenge the valuation of the property, or the basis of said evaluation as a single unit as established by the certified appraiser's report obtained for purposes of the proceedings.[6] See also, Smith v. Juhan, 311 F.2d 670, 673 (10th Cir. 1962). Nor has petitioner shown that the proposed subdivision of the property, never undertaken while the bankrupt and petitioner were in possession, was in fact feasible under controlling zoning ordinances. It may be concluded that under these circum-stances petitioner has waived her right to have this property considered as three, rather than one parcel of land. See United States v. Weir, 235 F.Supp. 306 (E.D.Ark.1964).[7]

■ It appears from the transcripts on hearing for authorization and confirmation that it was recognized that the bankrupt was remaining rent free in possession of the property which constituted a valuable asset of the bankrupt estate; that the bankrupt had attempted to sell the property himself and had been offered substantially less than the appraised value; and further, that the court was under pressure of the mortgagee to permit foreclosure on the first mortgage, which the referee had restrained for some time. Thus, a decision concerning the disposition of this asset was in order without further delay. Petitioner's belatedly conceived theory of dower rights in potential, separate parcels of land was not presented timely or sufficiently to the referee to warrant his consideration at this posture of the proceedings. Having failed to raise the question of subdivision in a proper or timely manner, petitioner is precluded from raising the question of dower rights in a portion of the realty in respect to authorization or confirmation of the sale of the North Beach Road property.

### Propriety of the Sale in General

■ The facts of record show petitioner's contentions concerning a lack of surplus for the benefit of general creditors to be in error. When the sales price of $151,000 is offset by the amount of the first mortgage of $82,000, United States tax liens of about $48,000 and

---

section 237.01, provided that the limitation as to the value of the homestead in section 272.20 shall not apply to a widow and the heirs of her husband during widowhood."

6. § 110(f), Title 11 U.S.C.A., § 70(f) of the Bankruptcy Act provides as follows: "The court shall appoint a competent and disinterested appraiser * * * who shall appraise all the items of real and personal property belonging to the bankrupt estate and who shall prepare and file with the court [their] report thereof. * * *"

7. This case involved a proceeding to set aside an execution sale of farm land where the former owner was estopped by his conduct from claiming the benefit of a statute providing for division of real estate into tracts in cases of sales under execution.

the homestead exemption of $10,000, there remains in excess of $10,000 to meet the expenses of the sale and for the benefit of general creditors. Since the question of dower rights in separate lots was not properly presented to the court and since there are no dower rights in homestead property, the value of petitioner's interests as they were before the court at this posture of the case, would not diminish the surplus available to creditors. There is also the additional benefit to general creditors that will result from settlement of the United States tax liens which will be satisfied out of the proceeds on sale. In any event, circumstances of the bankruptcy may render it appropriate for the trustee, with the consent of the lienholders, to sell the property even where there is little or no prospect of realizing a surplus. See Goggin v. Division of Labor Law Enforcement of California, 336 U.S. 118, 130, 69 S.Ct. 469, 93 L.Ed. 543 (1949). In the opinion of the court, such justifying circumstances are present in the instant case: the pressure from the holder of the first mortgage to secure permission to foreclose; the lack of income from a substantial asset of the estate; the settlement of the federal tax liability; and the delay and lapse of time in the disposition of this bankrupt estate in general.

Review of the proceedings before the referee and the file of the bankruptcy matter discloses that petitioner's other objections to confirmation are without merit. No adequate challenge was made to the appraised value of $145,000 as determined by a competent, experienced appraiser. Petitioner did not request the court to order reappraisal of the property prior to authorization or confirmation of the sale and thus cannot complain that the value arrived at in January of 1967 may have been different from real estate values prevailing at the time of the sale.

The trustee was experienced in the sale of realty as assets of a bankrupt estate. Although he did not advertise the property, he could take advantage of the newspaper publicity attending these proceedings. Of the several inquiries he received, one matured into the offer to purchase at a price substantially higher than the appraised value. In this manner the trustee avoided the additional expense of broker's fees incident to a sale.

On the record in this case no cause has been shown for reversal of the orders of the referee.

Accordingly, the petitions for review of the orders authorizing and confirming the sale of the North Beach Road property must be and they are hereby denied.