### In re AMERICAN FREIGHT SYSTEMS, INC., Debtor.

#### No. 89–4126–S.

United States District Court, D. Kansas.

April 5, 1990.

---

them the fact that he had sold the cattle and not replaced them with additional collateral.

George E. Erickson, Jr., Erickson & Hall, Topeka, Kan., for S & E Investments.

Richard C. Wallace, Evans & Mullinix, P.A., Kansas City, Kan., for Teamsters Pension Fund of Phil.

Robert J. Labate, Winston & Strawn, Chicago, Ill., for American Freight Systems.

Carol Park Wood, U.S. Trustee's Office, Wichita, Kan.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This case is an appeal from an order entered on May 4, 1989, by the United States Bankruptcy Court for the District of Kansas. That order denied the objection of S & E Investments Partnership (S & E Investments) to the sale of debtor's truck terminal facility located at 7750 Reinhold Drive, Cincinnati, Ohio (the Cincinnati property). Essentially, S & E Investments contend that the bankruptcy court erred in reopening the bidding on the Cincinnati property.

On March 16, 1988, American Freight Systems (American) filed a voluntary Chapter 11 petition for bankruptcy. American was a regular-route motor common carrier of general commodities in the central and eastern regions of the United States. After filing the petition for bankruptcy, American discontinued its business and began conducting liquidation of its assets, which included real estate used as truck terminal facilities. In September of 1988, American provided written lists of its properties to more than 700 potential interested parties and invited these parties to submit bids to purchase one or more of the properties. These invitations of bids specifically stated that any transactions involving the properties must be approved by the bankruptcy court. On November 2, 1988, American received a bid from S & E Investments which offered to purchase the Cincinnati property for $295,000. This bid was increased on January 18, 1989, to the amount of $400,000. On February 21, 1989, American filed its motion for authority to sell the Cincinnati property requesting that the bankruptcy court enter an order authorizing American to sell the property pursuant to the terms and conditions of the S & E Investments offer. A copy of this motion was served upon William P. Edmund, III, a general partner of S & E Investments, at least 17 days prior to the March 10, 1989, hearing on the motion. The notice of the motion specifically stated that the bankruptcy court would possibly consider receiving bids in court and outlined the procedure regarding the consideration of competing bids.

At the March 10, 1989, hearing on American's motion for authority to sell the property, the bankruptcy court stated that it would consider competitive bids on the Cincinnati property, which would be accepted that morning at an out-of-court auction conducted by American. S & E Investments orally objected to the submission of competing bids arguing that it had not been adequately notified of that morning's auction and that the bidding could not be re-

opened, absent a finding of fraud or some similar defect in the sale process. S & E Investments participated in the out-of-court auction and remained the high bidder for the Cincinnati property by increasing its initial offer to $440,111.

Following the completion of the out-of-court auction, American sought approval of the proposed sale of the Cincinnati property for the amount of the new S & E Investments offer ($440,111) and S & E Investments renewed its objection. The bankruptcy court decided not to hear the arguments regarding the objection, but instead, authorized American to sell the Cincinnati property to S & E Investments for $440,111 and ordered the difference between the original and new offer ($40,111) placed in an interest bearing escrow account pending resolution of the objection. On May 4, 1989, the bankruptcy court entered its order denying S & E Investments' objection and directed the funds held in escrow be paid to American. The bankruptcy court found that fair notice of the bid procedure had been given and that S & E Investments was aware the bidding was not complete until approved by the bankruptcy court.

S & E Investments assert that the bankruptcy court erred in considering competing bids submitted on March 10, 1989, and that by doing so, the bankruptcy court improperly reopened the bidding process. After reviewing the arguments of the parties regarding this matter, this court finds the actions of the bankruptcy court to be proper. In this case, S & E Investments was merely a proposed purchaser and had no right to protection afforded purchasers at judicial sales. *See Smith v. Juhan,* 311 F.2d 670, 672 (10th Cir.1962) (a vested interest arises only after the bid has been confirmed by the court). S & E Investments' bid of $400,000 had not been accepted by American and had not been approved by the bankruptcy court. It was simply a proposed sale which was subject to the bankruptcy court's approval. S & E Investments had adequate notice that its bid was subject to the bankruptcy court's approval and that other bids could be considered at the March 10, 1989, hearing. This court finds that the bankruptcy court

acted well within its discretion in considering the additional bids made on March 10, 1989. Therefore, the court will affirm the bankruptcy court's denial of S & E Investments' objection to the handling of the sale of the Cincinnati property.

IT IS THEREFORE BY THE COURT ORDERED that the bankruptcy court's decision of May 4, 1989, and its handling of the sale of the Cincinnati property on March 10, 1989, are AFFIRMED.