FILED
United States Court of Appeals
Tenth Circuit

April 13, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY R. MELOT; KATHERINE L.
MELOT,

Defendants - Appellants,

and

KLM TRUST; LEIGH CORPORATION;
SUZANNE CORPORATION; MIRROR
FARMS, INC.; C.D. EXPRESS, INC.,

Defendants.

No. 14-2120
(D.C. No. 2:09-CV-00752-JCH-WPL)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **LUCERO**, and **MATHESON**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Husband and wife Billy and Katherine Melot, proceeding pro se, appeal from the district court's order confirming the judicial sale of several parcels of real property and equipment.[1] We have jurisdiction under 28 U.S.C. § 1291. Several of the Melots' arguments are moot because the sale has been completed. As to those arguments that are not moot, we affirm the district court's judgment.

## I

The Melots owe millions in unpaid federal taxes, and Mr. Melot owes millions more in unpaid excise taxes. Government efforts to collect this revenue have resulted in numerous orders and appeals. See, e.g., United States v. Melot, 562 F. App'x 646 (10th Cir.) (unpublished), cert. denied, 135 S. Ct. 488 (2014) (Melot I); United States v. Melot, 768 F.3d 1082 (10th Cir. 2014) (Melot II).

On the issues before us, the district court granted the government's motion to reduce tax assessments to judgment and to authorize the foreclosure of tax liens and the sale of the Melots' real property and equipment. A receiver was appointed to handle the sale.[2] Following the receiver's appointment, the government moved for an order confirming a judicial sale of several parcels of real property and equipment to a single buyer for $1,125,000. According to the government, the properties were placed for sale, advertised in a multiple listing service, and received several inquiries.

---

[1] Because the Melots are proceeding pro se, we construe their filings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] This court later affirmed that judgment and rejected the Melots' objections to the receiver. See Melot I, 562 F. App'x at 649-50, 654.

They were shown by the receiver to numerous prospective buyers, and the highest and best offer submitted for all the properties plus equipment was $1,125,000. The receiver and the United States both determined that no better offer was likely to be submitted.

After initially declining to confirm the sale because the buyer and the government had not agreed on the water rights that were to be conveyed and expressing some concern that the parcels were offered for sale as a group, rather than separately, the district court confirmed the sale. This followed clarification of the agreement by the buyer and the government, and a second motion for confirmation by the government that provided more information about the steps the receiver had taken to sell the properties. However, Mrs. Melot initially refused to leave the property, preventing the sale from occurring. After the district court issued an order of forcible ejectment, Mrs. Melot relocated, allowing the sale process to continue. Because the initial confirmation order had by then expired, the government moved for a second confirmation order, which was issued by the district court on June 30, 2014, leading to this appeal. The government informs us that the sale occurred on July 21, 2014, and that it received $1,035,000 from the sale.

## II

### A

Because the property has been sold, the government contends that this appeal is moot. "We address the issue of mootness as a threshold question because in the

absence of a live case or controversy, we have no subject-matter jurisdiction over an appeal." Golfland Entm't Ctrs., Inc. v. Peak Inv., Inc. (In re BCD Corp.), 119 F.3d 852, 856 (10th Cir. 1997).

"An appeal is moot if the court of appeals can no longer grant effective relief because the object of the suit has been transferred." Out of Line Sports, Inc. v. Rollerblade, Inc., 213 F.3d 500, 501 (10th Cir. 2000). The June 30, 2014, confirmation order was not stayed, and the Melots' real property and equipment were sold to a purchaser who is not a party to this case. We therefore cannot grant any relief that would have the effect of invalidating the sale. See, e.g., United States v. Antiques Ltd. P'ship, 760 F.3d 668, 673 (7th Cir. 2014) ("[I]n the absence of a stay . . . a closed sale (that is, a sale that has been executed, not just contracted for) of a debtor's assets can't be reopened."); cf. C.O.P. Coal Dev. Co. v. C.W. Mining Co. (In re C.W. Mining Co.), 641 F.3d 1235, 1239 (10th Cir. 2011) (holding that Bankruptcy Code barred upsetting completed sale); Osborn v. Durant Bank & Trust Co. (In re Osborn), 24 F.3d 1199, 1203-04 (10th Cir. 1994) (same), abrogated in part on other grounds by Eastman v. Union Pac. R.R., 493 F.3d 1151, 1156 & n.4 (10th Cir. 2007).

Despite this restriction, if "it is not impossible for the court to grant some measure of effective relief, the . . . appeal is not moot." In re Osborn, 24 F.3d at 1203. It is the government's burden to "foreclose[] the possibility that [the Melots] might be entitled to alternative relief that would not affect the validity of the sale." In re C.W. Mining Co., 641 F.3d at 1239. In United States v. Buchman, 646 F.3d

409 (7th Cir. 2011), the Seventh Circuit held that an appeal was not moot even though the court could not overturn a completed sale to a non-party. Id. at 410-13. Buchman reasoned that the appellant could receive relief against the government despite the completed sale, such as an order directing the government to transfer proceeds from the sale to the appellant or vacating a deficiency judgment entered in favor of the government. See id. at 410-11. For similar reasons, the appeal in this case is not moot. But we consider only those arguments that would not inevitably lead to invalidating the sale itself.

**B**

The Melots complain that the sale was improperly conducted and produced less than the best possible price for the properties sold. A challenge to confirmation based on price can succeed only if "the price is so grossly inadequate as to shock the conscience of the court . . . coupled with slight additional circumstances indicating unfairness such as chilled bidding." Smith v. Juhan, 311 F.2d 670, 672 (10th Cir. 1962); see also In re BCD Corp., 119 F.3d at 860 ("Juhan . . . imposes a high requirement for challenges based on mere inadequate price.").

The facts of this case fall far short of the Juhan standard. The alleged irregularities, namely that the receiver wrongfully advertised the properties and failed to pursue attractive offers, ultimately chose an offer that was lower than others, and allowed his own funds to be used to purchase the property, are unsupported and

-5-

speculative.[3] Contrary to the Melots' arguments, the district court never required the government to obtain a better price than $1,125,000. Rather, the record indicates that the court denied the government's first request to confirm the sale because of concerns that the government and the buyer were not yet in agreement on what water rights were included. The court did express some concern about selling the properties as a group, but it did not reject the $1,125,000 price. Ultimately, the district court approved the sale after careful consideration, and there was no reasonable likelihood that the receiver could have obtained a better offer. Accordingly, with regard to any arguments that are not moot, no relief from the June 30, 2014, second confirmation order is warranted.

## III

We **GRANT** the Melots' separate motions to proceed without prepayment of costs and fees. The June 30, 2014, order confirming the judicial sale is **AFFIRMED**.

> Entered for the Court
>
> Carlos F. Lucero
> Circuit Judge

---

[3] When it imposed sanctions on the Melots, the district court struck certain filings that objected to the confirmation of the sale. Those sanctions were later vacated. See Melot II, 768 F.3d at 1085-86. In reaching our decision, we reviewed all relevant district-court filings, including those that previously were stricken.