**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BILLY MELOT,

     Plaintiff - Appellant,

v.

LEE ROBERSON; UNITED STATES OF
AMERICA; BOBBY SHAW,

     Defendants - Appellees.

No. 15-2234
(D.C. No. 2:15-CV-00235-LH-CG)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

    This appeal marks Billy Melot's latest effort to undo the judicial sale of his real and personal property, the proceeds of which were applied to his outstanding tax liabilities. Through multiple proceedings, Mr. Melot, who is presently in prison for federal tax crimes, has unsuccessfully challenged district court orders that reduced his outstanding tax liabilities to judgment, authorized the government to foreclose its tax liens on his property, appointed defendant Bobby Shaw as receiver, and confirmed the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sale of the property to defendant Lee Roberson. In a previous appeal, we explained to Mr. Melot that his claims seeking to invalidate the sale are moot because the property was already sold to Mr. Roberson in July 2014. Nevertheless, in this action, Mr. Melot, proceeding pro se, once again attempts to invalidate the sale and quiet title to the property.[1] He also seeks monetary damages for what he claims was the fraudulent transfer of his property. As we previously explained, however, Mr. Melot's efforts to invalidate the sale are moot. And, to the extent he seeks other relief against the government, his claims are barred by sovereign immunity. As for his claims against Mr. Shaw and Mr. Roberson, they are foreclosed by res judicata. For these reasons, we affirm the dismissal of Mr. Melot's suit.

I

The orders Mr. Melot is attempting to challenge were issued in another case, *United States v. Melot*, No. 09-CV-752-JCH-WPL (D.N.M.) ("*Melot I*"). In that case, the government sued Mr. Melot and his wife, Katherine Melot, who together owed millions of dollars in unpaid taxes. The government sought to reduce their outstanding tax assessments to judgment and foreclose federal tax liens on real and personal property owned by the Melots or their nominees or transferees. On January 6, 2012, the district court granted the government's requests. *See* R. at 67 (*Melot I*, Doc. 141, slip op. at 27). The court then appointed Mr. Shaw as receiver to coordinate the sale, and, once Mr. Shaw found a buyer, entered an order on December 9, 2013, confirming the sale of

---

[1] We afford Mr. Melot's pro se pleadings a liberal construction but do not act as his lawyer. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

the property to Mr. Roberson within thirty days, *Melot I*, Doc. 411, slip op. at 1-4. The Melots appealed, contesting their tax assessments and the methodology used to calculate them, as well as the validity of the government's tax liens and Mr. Shaw's qualifications to serve as receiver, among other things. We rejected their arguments and affirmed the district court. *United States v. Melot*, 562 F. App'x 646, 654 (10th Cir. 2014).

Closing of the sale was delayed, however, and the district court's order confirming the sale expired, because Mrs. Melot refused to vacate one of the parcels of real property. When she eventually relocated, the district court entered an amended order re-confirming the sale on June 30, 2014. R. at 32-35 (*Melot I*, Doc. 448, slip op. at 1-4). The sale closed on July 17, 2014, and on that date, Mr. Shaw delivered to Mr. Roberson a Receiver's Deed for real property, water rights, and certain designated equipment. *Id.* at 27-31. Again, the Melots appealed, and again we affirmed, holding that the appeal was moot to the extent it challenged the sale because "[w]e . . . cannot grant any relief that would have the effect of invalidating the sale." *United States v. Melot*, 606 F. App'x 930, 932 (10th Cir.), *cert. denied*, 136 S. Ct. 86 (2015).

While these latter events played out in *Melot I*, Mr. Melot initiated a second case in New Mexico state court on June 19, 2014, seeking to quiet title to the property and cancel the government's tax liens. After the government removed the case to federal court, the district court dismissed the suit for lack of subject matter jurisdiction, ruling that any attempt to enjoin the government from foreclosing its liens, which already had been adjudicated in *Melot I*, was barred by the Anti-Injunction Act, 26 U.S.C. § 7421. *See Melot v. United States*, No. 14-CV-0687-LAM-GBW, slip op. at 5-6 (D.N.M. Nov.

3

19, 2014) ("*Melot II*"). Although Mr. Melot denied that he was attempting to invalidate the sale, the district court ruled that any attempt to do so would be inappropriate because the proper forum to raise such a challenge would have been in *Melot I.*

Notwithstanding these adverse judgments, Mr. Melot returned to the district court and initiated this action with a pleading entitled, "Complaint to Recover for Monetary Loss and to Quiet Title and Occupy." R. at 6. He named as defendants the United States, Mr. Shaw, and Mr. Roberson. Although he acknowledged the government previously had tax liens on the property, he alleged that as of the time of filing his complaint, the United States no longer had an interest in the property and the liens were unenforceable. He further averred that Mr. Roberson and Mr. Shaw "[a]cted with deceptive practices and fraudulent pretenses to transfer property belonging to [him] without his permission or consent, resulting in a fraudulent sale." *Id.* at 7. Thus, Mr. Melot sought to quiet title to the property, requesting that "defendants be barred and forever estopped from having or claiming any lien upon or any right, title, interest, or estate in or to such property, adverse to [him]." *Id.* at 13. He also sought unspecified damages, another $909,950 from Mr. Roberson and Mr. Shaw, and an additional $500,000 in damages for "mental anguish and distress." *Id.* Last, he demanded that Mr. Roberson vacate the property immediately. The district court dismissed the suit on res judicata grounds, and Mr. Melot appealed.

II

*A. Mootness*

The threshold issue we must consider is the extent to which this case is moot. *See N.M. Env't Dep't v. Foulston* (*In re L.F. Jennings Oil Co.*), 4 F.3d 887, 888 (10th Cir.

4

1993) ("The mootness question necessarily constitutes our threshold inquiry, because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." (internal quotation marks omitted)). The government contends that Mr. Melot's claims seeking to invalidate the sale and recover the property are moot because the sale already occurred. Indeed, the government argues that because these claims are moot, the district court lacked jurisdiction to dismiss them on res judicata grounds. Although the government failed to make this argument to the district court, defects in subject matter jurisdiction may be raised at any time. *Niemi v. Lasshofer*, 770 F.3d 1331, 1345 (10th Cir. 2014). Accordingly, we review the mootness issue de novo, *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1114 (10th Cir. 2016), and agree the district court lacked jurisdiction, at least in part to the extent the complaint sought to invalidate the sale and recover the property.

To answer whether Mr. Melot's claims are moot, we ask whether the district court could have granted him any effective relief. *See Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot."). In Mr. Melot's previous appeal, we declined to reach his arguments that would have invalidated the sale, explaining that "'[a]n appeal is moot if the court of appeals can no longer grant effective relief because the object of the suit has been transferred.'" *Melot*, 606 F. App'x at 931 (quoting *Out of Line Sports, Inc. v. Rollerblade, Inc.*, 213 F.3d 500, 501 (10th Cir. 2000)). As we indicated, once the property is sold, a court generally cannot reverse the sale, and thus any judicial pronouncement on the parties' rights will be ineffective in

5

granting relief.  *See, e.g., Schell*, 814 F.3d at 1113-15 (holding that sale of gas wells mooted appeal because defendant's conduct would not be affected by judgment concerning the leases); *Christopher Vill., Ltd. P'ship v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999) ("Ordinarily, an appeal will be moot when the property underlying the dispute has been sold at a foreclosure sale because this court cannot fashion adequate relief, i.e., cannot reverse the transaction."); *cf. C.O.P. Coal Dev. Co. v. C.W. Mining Co. (In re C.W. Mining Co.)*, 641 F.3d 1235, 1239 (10th Cir. 2011) (holding in bankruptcy context that appeal was moot to the extent remedy would affect the validity of the sale).

The property at issue here was sold to Mr. Roberson on July 17, 2014.[2]  That event rendered moot Mr. Melot's claims seeking to invalidate the sale and recover the property. We explained this to Mr. Melot in his previous appeal, but he refused to accept that conclusion and instead instituted anew his claims seeking to invalidate the sale, only to have the district court dismiss them on res judicata grounds.  But because the claims challenging the sale were moot before Mr. Melot filed his complaint, the district court should have dismissed them for lack of subject matter jurisdiction.  We therefore modify the district court's dismissal accordingly.

*B.  Sovereign Immunity*

The government also contends that, to the extent Mr. Melot's claims against the United States are not moot, they are barred by sovereign immunity.  The damages claim for emotional distress survives the foregoing mootness analysis.  Although Mr. Melot

---

[2] Our previous decision indicated the property was sold on July 21, 2014, but the Receiver's Deed is dated July 17, 2014.  R. at 30.  The disparity in these dates is immaterial to our decision.

also sought unspecified damages "against all defendants," R. at 13, he does not explain the basis for this claim, though his complaint suggests it is predicated on the sale of his property. Nevertheless, we agree these claims for damages against the government are barred by sovereign immunity.

"The United States and its officers enjoy immunity from suit except in instances where the United States has expressly waived that protection." *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015). A waiver of sovereign immunity must be "unequivocally expressed," and "statutory text purporting to waive governmental immunity is strictly construed in favor of the sovereign." *Id.* (internal quotation marks omitted). Absent an express waiver of immunity, a court lacks jurisdiction. *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996).

Mr. Melot asserts the government waived its immunity via three statutory provisions: 28 U.S.C. §§ 1346, 2409, and 2410. Although Mr. Melot offers no specific argument under any of these provisions, our review indicates that none apply. Indeed, none of these provisions waive immunity for Mr. Melot's emotional distress claim, so his attempt to recover for "mental anguish" is barred.[3]

As for his unspecified damages claim, it is possible Mr. Melot intended to rely on § 1346(a)(1), which permits "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or

---

[3] Any argument that Mr. Melot might have brought his emotional distress claim under § 1346(b)(1), the Federal Tort Claims Act, is meritless because that provision waives immunity for certain personal injury claims against the government, except "[a]ny claim arising in respect of the assessment or collection of any tax," *id.*, § 2680(c).

collected." But this provision is inapplicable because Mr. Melot does not seek a refund of any "internal-revenue tax"; rather, his complaint indicates only that he seeks damages, presumably for the loss of his property. If Mr. Melot intended to rely on § 1346(b)(1), which provides jurisdiction for "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government," sovereign immunity is preserved under 28 U.S.C. § 2680(c), which excludes from the waiver "[a]ny claim arising in respect of the assessment or collection of any tax." Mr. Melot also may be relying on § 1346(f), which confers jurisdiction to hear "civil actions under [28 U.S.C. § 2409a] to quiet title" where the government asserts an interest in real property. But this provision is inapplicable because the United States no longer has an interest in the property, which was sold well before Mr. Melot instituted this action. Likewise, Mr. Melot held no interest in the property when he initiated this suit. *See Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978) (per curiam) (holding that § 2409a requires plaintiff to have some interest in the title of the property).

Also inapplicable is § 2409, which authorizes suits against the government by a "tenant in common or joint tenant owning an undivided interest in lands" if the government "is one of such tenants in common or joint tenants." Neither the government nor Mr. Melot were tenants in common or joint tenants when he filed this suit.

Lastly, Mr. Melot invokes § 2410, which permits suits to quiet title to real or personal property when the government holds a mortgage or other lien on the property. This provision is inapplicable because the government did not have a lien or mortgage on

8

the property when the suit was filed. *See Dahn v. United States*, 127 F.3d 1249, 1251 n.1 (10th Cir. 1997) ("A quiet title claim . . . first made when any liens involved no longer existed[] was barred ab initio."); *Lewis v. Hunt*, 492 F.3d 565, 572 (5th Cir. 2007) ("Section 2410 applies only if at the time plaintiff files suit the government had a mortgage or other lien on the property that is the basis of the taxpayer's quiet title action." (brackets and internal quotation marks omitted)); *Hughes v. United States*, 953 F.2d 531, 538 (9th Cir. 1992) ("If the government has sold the property prior to the filing of the suit, and no longer claims any interest in the property, § 2410 does not apply."). Consequently, Mr. Melot failed to invoke a valid waiver of sovereign immunity and his claims against the government are barred to the extent they are not moot.

## C. Res Judicata

Finally, we review de novo the district court's application of res judicata to Mr. Melot's claims against Mr. Shaw and Mr. Roberson. *See Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (applying de novo review). The district court concluded that res judicata barred these claims because Mr. Melot was contesting the same liens, seeking to quiet title to the same properties, and challenging the same sale that was involved in *Melot I*. We agree res judicata applies.

"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) (internal quotation marks omitted). To apply, "three elements must exist: (1) a final judgment on the merits in an earlier action;

9

(2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* at 504 (brackets and internal quotation marks omitted).[4]

All three elements are present here. First, there was a final judgment entered on the merits of *Melot I*. The district court in that case entered orders reducing the Melots' tax assessments to judgment, authorizing the foreclosure of the government's tax liens on their property, appointing Mr. Shaw as receiver, and twice confirming the sale to Mr. Roberson. The Melots twice appealed those orders to this court, and we twice affirmed.

The second element also is satisfied. Mr. Melot and the government were opposing parties in *Melot I*. Although Mr. Shaw and Mr. Roberson were not parties to that suit, they are in privity with the government for purposes of applying res judicata in this suit. Privity may be established by "a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *Pelt*, 539 F.3d at 1281. The issue in controversy is the same—the propriety of the sale. Also, the government had a shared interest with Mr. Shaw because

---

[4] We have at times articulated a fourth element—a full and fair opportunity to litigate the matter in the earlier proceeding—although we recognize an exception to res judicata when the party against whom the prior judgment is asserted lacked a full and fair opportunity to litigate the matter in the prior suit. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 n.4 (10th Cir. 1999). These different elemental articulations have no impact on our disposition because Mr. Melot does not contend he was denied a full and fair opportunity to litigate his claims in *Melot I*, and we perceive nothing in the record to suggest otherwise. *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990) (explaining that the inquiry focuses "on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties").

as receiver, Mr. Shaw coordinated the sale for the government's benefit. Indeed, Mr. Shaw represented the government's legal rights by preserving the property value and coordinating the sale to effectuate the foreclosure. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1175 (10th Cir. 1979) ("Privity has been found in cases involving a person so identified in interest with another that he represents the same legal right."). So, too, was Mr. Roberson in privity with the government as the successive owner of the property to which the government's liens had attached and been reduced to judgment. *See id.* ("[P]rivity denotes . . . successive relationship to the same right of property, so that a privy is one who, after the commencement of the action, has acquired an interest in the [property] affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment." (internal quotation marks omitted)).

The third element of res judicata—identity of causes of action—exists as well. To ascertain a single cause of action, this court employs a transactional approach in which "a final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Lowell Staats Mining Co. v. Phila. Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989). We evaluate a "transaction" or "series of connected transactions" "pragmatically[,] considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit." *Id.* "Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Nwosun v. Gen. Mills Rests.,*

11

*Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).  Applying this approach, Mr. Melot's claims for damages or other remedies against Mr. Shaw and Mr. Roberson are foreclosed because they are all tied to a solitary transaction:  the sale of the property.  Mr. Melot disputes this conclusion, insisting there has been no adjudication of what he alleges were the conspiratorial and deceptive practices of Mr. Shaw and Mr. Roberson to deprive him of the property.  But the propriety of the sale was litigated in *Melot I*, and Mr. Melot could have challenged Mr. Shaw and Mr. Roberson's conduct in that proceeding, just as he challenged Mr. Shaw's qualifications, *see Melot*, 562 F. App'x at 654.  In fact, he did allege irregularities in Mr. Shaw's conduct in coordinating the sale, including claiming that Mr. Shaw failed to properly advertise the property and pursue attractive offers.  *See Melot*, 606 F. App'x at 932.  We rejected those claims as "unsupported and speculative," *id.*, and res judicata bars Mr. Melot from relitigating those or similar claims now.[5]

### III

The judgment of the district court is affirmed, although Mr. Melot's claims seeking to invalidate the sale should have been dismissed for lack of jurisdiction based on mootness, rather than on res judicata grounds.  To the extent Mr. Melot's claims against the government were not moot, they should have been dismissed as barred by sovereign immunity.  So modified, the district court's judgment is otherwise affirmed.

---

[5] In an unrelated argument, Mr. Melot contends the district court erred in dismissing the action prior to service upon all defendants, namely Mr. Shaw. Mr. Melot cites no authority for this contention, and where the district court had the government's motion to dismiss, and the claims against Mr. Shaw were clearly foreclosed, we see little benefit to requiring the district court to wait for Mr. Melot to complete service.

12

Mr. Melot's motion to proceed without prepayment of costs and fees is denied because he fails to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues [he] raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  Mr. Melot is directed to remit the entire filing and docketing fee to the Clerk of the District Court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge