**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BILL MELOT, a/k/a Billy R. Melot;
KATHERINE L. MELOT,

    Defendants - Appellants.

No. 17-2052
(D.C. No. 2:09-CV-00752-JCH-WPL)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Billy and Katherine Melot appeal the district court's order

denying their motion for relief from judgment. The Melots also request leave to

proceed in forma pauperis (IFP) on appeal. We grant their motions to proceed IFP,

but we affirm the district court's denial of their motion for relief from judgment.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment isn't binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.
But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R.
32.1.
    [1] We liberally construe pro se pleadings, but we won't act as the Melots'
advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Together, the Melots owe the federal government over $20 million in unpaid federal income and excise tax, and Billy is currently serving a 14-year prison sentence for tax evasion. In July 2014, with authorization from the district court, the government foreclosed on the Melots' real property and equipment, sold it for $1.125 million, and applied the proceeds to the Melots' tax debt. This appeal arises from the latest installment in the "ongoing saga of litigation" related to the Melots' unpaid taxes from 1987 through 1993. R. vol. 1, 122; *see, e.g.*, *United States v. Melot*, 606 F. App'x 930 (10th Cir. 2015) (unpublished) (affirming order confirming sale of foreclosed property); *United States v. Melot*, 562 F. App'x 646 (10th Cir. 2014) (unpublished) (affirming order reducing tax debt to money judgment); *United States v. Melot*, 732 F.3d 1234 (10th Cir. 2013) (affirming Billy's convictions and remanding for resentencing).

A year and a half after the foreclosure and sale, the Melots filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(5) and (6), asking the district court to set aside the government's money judgment against them because enforcing it was no longer equitable. After the government responded, the magistrate judge made proposed findings and recommended denying the motion. Despite the Melots' objections to the proposed findings and recommendation, the district court agreed with the magistrate judge and denied the motion. The Melots appeal.

Rule 60(b) allows a district court to provide relief from a final judgment in certain circumstances, including when "applying [the judgment] prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P.

2

60(b)(5), (6). But a Rule 60(b) motion isn't a substitute for a direct appeal, and a district court should only grant relief from judgment in exceptional circumstances. *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). On appeal, we review the district court's denial of a Rule 60(b) motion for an abuse of discretion, meaning that we will only reverse if the district court's decision was based on a legal or factual error or was otherwise arbitrary or unreasonable. *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000).

The Melots first argued for relief from judgment under Rule 60(b)(5), asking the district court to grant them relief from the tax judgment because "applying [it] prospectively is no longer equitable." Aplt. Br. 5. But the Rule 60(b)(5) language that the Melots rely on doesn't allow a court to provide relief from *any* judgment, even assuming it's inequitable; it only allows for relief from judgments that have prospective application or effect. *See Dowell ex rel. Dowell v. Bd. of Educ.*, 8 F.3d 1501, 1509 (10th Cir. 1993) (citing *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

A judgment that has prospective application or effect is one that is "executory" or involves "the supervision of changing conduct or conditions." *Twelve John Does*, 841 F.2d at 1138–39 (citing *United States v. Swift & Co.*, 286 U.S. 106 (1932), and *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. (18 How.) 421 (1856)). For example, injunctions are usually executory and have prospective application because they restrain or compel particular conduct; they are directed toward the future and require court supervision. *See id.* at 1139.

3

A money judgment, on the other hand, simply remedies a past wrong; it isn't executory and doesn't require the court to supervise any future changing conditions. *See id.* Indeed, "[m]ost courts have agreed that a money judgment does not have prospective application, and that relief from a final money judgment is therefore not available under the equitable leg of Rule 60(b)(5)." *Stokors S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998); *see, e.g.*, *DeWeerth v. Baldinger*, 38 F.3d 1266, 1275 (2d Cir. 1994); *Gibbs v. Maxwell House*, 738 F.2d 1153, 1155–56 (11th Cir. 1984); *Marshall v. Bd. of Educ.*, 575 F.2d 417, 425 (3d Cir. 1978).

The Melots nonetheless argue that the money judgment has prospective application because it continues to accrue interest. But the Melots cite no authority for the proposition that the accumulation of interest makes a judgment prospective, and we haven't located any. "Virtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect . . . ." *Twelve John Does*, 841 F.2d at 1138. But only orders that are executory and require court supervision of future changing conditions are prospective for the purpose of determining whether relief is available under Rule 60(b)(5). Money judgments don't meet that definition—the accrual of interest doesn't require additional court supervision. As such, the money judgment against the Melots doesn't have prospective application; the district court therefore didn't abuse its discretion by concluding that relief from judgment wasn't available under Rule 60(b)(5).

Alternatively, the Melots argued for relief from judgment under Rule 60(b)(6)—the catch-all provision that allows a court to provide relief for "any other

4

reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). This provision applies "only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996); *see Buck v. Davis*, 137 S. Ct. 759, 772 (2017).

The Melots argue that the circumstances here are extraordinary because the IRS hasn't updated its internal records and thus has been sending them inaccurate bills. They specifically allege two inaccuracies. First, the Melots insist that the IRS hasn't applied the proceeds from the sale of their property to their tax bill. But this allegation lacks merit; the government filed account statements in the district court showing that it has applied the proceeds to the Melots' accounts.

Second, the Melots point out that the IRS originally assessed a higher amount of unpaid income tax against Billy (around $18 million) than what the district court eventually reduced to judgment (around $8.7 million). And according to Billy, the IRS bills he received in August 2016 still showed the original, higher amount owed.[2] But even if we assume that the Melots received inaccurate IRS bills, that fact doesn't justify granting their requested relief and excusing them from paying the judgment they owe. The government has acknowledged that it can't require the Melots to pay

---

[2] The government told the district court that the IRS hadn't yet updated its internal records to reflect the final judgment because, as of the date of those bills, the Melots' appeals of the judgment and orders of sale were ongoing. The government then noted that the judgment and orders of sale had since become final, so the IRS would "be instructed to adjust the Melots' tax accounts in accordance with" the district court's judgment. R. vol. 1, 106 n.10.

more than what the district court ordered. And the inaccurate billing isn't resulting in any real harm: the Melots aren't currently paying these allegedly incorrect bills.

Finally, the Melots argue that their circumstances are extraordinary because they will never be able to pay the judgment against them. But there's nothing unusual about being unable to pay a judgment. Thus, neither the inaccurate billing nor the Melots' inability to pay is sufficiently unusual or compelling to justify granting relief from the judgment, even if we consider these factors together. *See Cashner*, 98 F.3d at 580. The district court therefore didn't abuse its discretion in denying relief under Rule 60(b)(6).

Accordingly, we affirm the district court's judgment. However, we grant the Melots' motions to proceed IFP and remind them of their obligation to continue making payments until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court

Nancy L. Moritz
Circuit Judge